E. MOLYNEUX and another v. G. W. HUEY and wife.

*Evidence—Judgment, vacation of—Superior Court—Attorney and Client.*

1. The declarations of a deceased attorney contained in an affidavit of defendant on a motion to vacate a judgment are admissible in evidence,

MOLYNEUX v. HUEY.

where it appears that neither the estate of said attorney nor the interest of any one claiming from him can be affected by the event of the action. The provisions of section 343 of the code do not apply to such a case.

2. The superior court has power to vacate its judgment at a subsequent term for sufficient cause shown, (here) where the judgment was confessed by defendant in pursuance of the advice of an attorney who was counsel for both parties to the action and upon a written agreement with him, reciting, that no execution should issue thereon until a certain time, that credits to which defendant was entitled to have endorsed on the note should be applied to the judgment, and, that the same shall not be docketed in any other county ; and where said agreement was violated by the plaintiff. (The equitable jurisdiction of the court discussed by ASHE, J.)

3. A judgment in a civil action may be rendered by consent after the expiration of the term ; and a party thereto who fails at the time to interpose an objection waives his right, which amounts to an implied assent and concludes him.

4. A judgment obtained by the advice of an attorney acting for both parties to an adversary proceeding, may be vacated on application in due time of the party injured.

(*Howerton* v. *Lattimer,* 68 N. C., 370 ; *Thomas* v. *Kelly,* 74 N. C., 416 ; *Isler* v. *Dewey,* 67 N. C., 93 ; *Deaver* v. *Erwin,* 7 Ire. Eq., 250 ; *Stockton* v. *Briggs,* 5 Jones Eq., 309 ; *Jarman* v. *Saunders,* 64 N. C., 367 ; *Hervey* v. *Edmunds,* 68 N. C., 243 ; *Moore* v. *Edney,* 75 N. C., 34 ; *Harshaw* v. *McKesson,* 66 N. C., 266, and 65 N. C., 688, cited and approved.)

MOTION to set aside a Judgment, heard at Spring Term, 1879, of HENDERSON Superior Court, before *Gudger, J.*

The motion was allowed upon the facts set out in the opinion, and the plaintiffs appealed.

*Mr. H. G. Ewart,* for plaintiffs :

Cited and commented upon sections 133 and 343 of the code ; *Faison* v. *McIlwaine,* 72 N. C., 312 ; *Jones* v. *Boyd,* 80 N. C., 258 ; *Harshaw* v. *McKesson,* 66 N. C., 266 ; *Hervey* v. *Edmunds,* 68 N. C., 243. As to signing judgment out of

term time, the case of *Harrell* v. *Peebles,* 79 N. C., 26, does not apply, being different in its facts from our case.

*Messrs. Gray & Stamps and W. W. Jones,* for defendants:

After remarking upon the authorities relied on for plaintiffs, cited *Howerton* v. *Lattimer,* 68 N. C., 370; *Smith* v. *Hahn,* 80 N. C., 240; Freeman on Judgments, § 485 *et seq.;* Story, Eq. Juris.; *Dobson* v. *Pearce,* 2 N. Y. Court of Appeals, 156; *Huggins* v. *King,* 3 Barb., 616; 7 Ire. Eq., 250; 5 Jones Eq., 309. Where agreement is violated, defendant is no longer bound, but can insist upon being put *in statu quo.* Adams Eq., 419; *Jarman* v. *Saunders,* 64 N. C., 367. As to same attorney for both parties, see *Moore* v. *Gidney,* 75 N. C., 34.

ASHE, J. The facts of the case necessary to the consideration of the exceptions taken by the plaintiffs, are, that the defendant Mary Huey on the 29th of July, 1875, purchased from the plaintiffs a tract of land lying in the county of Henderson, together with a considerable amount of personal property, for which she agreed to pay eleven thousand dollars, and after paying four thousand dollars executed a deed of trust to J. G. Martin as trustee for the benefit of the plaintiffs to secure the balance of the purchase money due by instalments and secured by notes endorsed by her husband, the other defendant, the last of them falling due on the 1st day of January, 1882; and stipulated in said deed that if the whole of the purchase money was not paid by that time, that then the trustee might advertise and sell the land. That the plaintiffs brought an action on two of these notes against the defendants to the August term, 1877, of Henderson superior court, and said J. G. Martin, who was the attorney for both parties in the case, advised the defendants not to defend the said action, but to confess a judgment on the same at the appearance term, promising that they should not be prejudiced thereby, nor be placed in a worse condi-

tion than in the deed of trust, and that it should not be enforced against them until 1882, nor be docketed in any other county in the state. That the agreement was reduced to writing and delivered to Martin for safe keeping and the protection of the defendants, but since his death it has not been found. That in pursuance of the advice of Martin in this agreement, they confessed judgment at the appearance term of said court and paid the costs. Martin died on the ... day of ......, 187..., and soon after his death the plaintiffs sued out execution and placed it in the hands of the sheriff of Henderson county, who has levied upon and advertised for sale the land conveyed in the deed of trust: and have had a transcript of the said judgment docketed in the county of Polk where the defendants own some property. That defendants had a " draw-back " on the purchase money for a considerable amount of the personal property purchased at the same time with the land, but not delivered, which Martin promised should be credited on the notes upon which judgment was confessed, but he failed to give the credit, and judgment for the whole amount, to-wit, twenty-three hundred dollars, was confessed by defendants with the understanding it was to be reduced by that credit. That in confessing the judgment the defendants were influenced by their attorney, Martin, and that he at the same time and in the same case was acting as attorney for the plaintiffs.

Upon this state of facts found by His Honor from the uncontroverted affidavit of the defendant, G. W. Huey, the court ordered and adjudged that the judgment taken by confession in this cause on the 27th day of August, 1877, be vacated and set aside.

The motion of the defendants to vacate the judgment in this case was resisted upon two grounds :

1. Because the affidavit of G. W. Huey made to set aside the judgment was incompetent, purporting as it did to give the declarations of a deceased attorney who was the counsel

of the plaintiffs, and also a trustee of both parties in the trust deed.

2. Because the motion was not made within a year and a day as required by the code.

The first objection was properly overruled by the court. The evidence of the transaction and communication with Martin, as stated in the affidavit, was clearly admissible. It does not come within the purview of the proviso of section 343 of the code. It provides that no party to the action shall be examined in regard to any transaction or communication between such witness and a person at the time of such examination deceased, then prosecuting or defending the action as executor, administrator, heir at law, next of kin, assignee, legatee, devisee, or survivor of such deceased person. The plaintiffs are not prosecuting this action as the executors or administrators of deceased, Martin, or as any of the other characters enumerated. The object of the proviso in the section was to protect the estates of deceased persons and the interests of those claiming under or from them. Martin's estate, nor the interest of any one claiming from him can be in any way affected by the event of this action. *Howerton* v. *Lattimer*, 68 N. C., 370; *Thomas* v. *Kelly*, 74 N. C., 416; *Isler* v. *Dewey*, 67 N. C., 93.

2. The second objection made by the plaintiffs that the motion of the defendants comes too late, and should have been made under section 133 of the code, within a year after the judgment, is equally untenable. The motion of the defendants is not made under the provisions of that section. The defendants invoked the aid of the equitable jurisdiction of the court, which, under the old practice, would always be exercised to vacate a judgment at law where the defendant had been prevented from setting up his defence against the judgment, by fraud or accident or the act of the party, when he was himself in no default. 1 Story Eq., 252; Story's Eq. Juris. § § 1573, 1574.

Or, where the plaintiff has possessed himself improperly of something by means of which he has a unconscientious advantage at law. *Ibid*, § 896.

Or, where one of the parties has failed to present his claim or defence because he has relied upon some agreement or understanding between himself and his adversary, which, if observed, rendered such presentation unnecessary.

And more especially where such agreement has been designed to lull a party into security, that some unconscientious advantage might be taken of him; as for instance where one was sued upon a note and mortgage, and the plaintiff for a valuable consideration released him from personal liability, but took judgment in violation of his agreement, and issued execution thereon; such execution was restrained on the ground that it was against conscience for the mortgagee to retain his advantage. Freeman on Judgments, 492; *Deaver* v. *Erwin*, 7 Ire. Eq., 250; *Stockton* v. *Briggs*, 5 Jones' Eq., 309; *Dobson* v. *Pearce*, 2 N. Y. Court of Appeals, 156; *Huggins* v. *King*, 3 Barb., 616.

The equity of the defendants is that by the promises and assurances of the plantiffs' attorney they have been prevented from making a defence which they might otherwise have set up; and the plaintiffs, by the agreement between their attorney and the defendants have obtained a judgment, and secured a lien on the defendants' property in the county of Polk, in violation of the agreement, by which they have obtained an unconscientious advantage at law, an advantage which the court of equity, under the old system, would have put out of the way by a decree in a suit properly instituted for that purpose.

Under that system a court of law could, as it now may, set aside an irregular judgment at any time; but could not set aside at a subsequent term a judgment regularly rendered according to the course and practice of the court. In such a case the party injured was driven for relief to a writ

of error or a suit in equity, as the case might be. But under our present judiciary system, as the functions of the courts of law and equity are united in the same court, and the distinctions between actions at law and suits in equity and the forms of all such actions and suits, are abolished, it would seem that the rule no longer exists to the extent of prohibiting a superior court from setting aside its judgment at a subsequent term, for any sufficient cause, that might have demanded the interposition of a court of equity under the old system. And the proper way to apply for such relief is by notice in the cause, or by a written petition, as was pursued in this case. *Jarman* v. *Saunders*, 64 N. C., 367; *Dobson* v. *Pearce*, *supra.*

3. But the plaintiffs for a further exception say the judgment rendered by His Honor vacating the confessed judgment was a nullity, because it was drawn up and signed after the expiration of the term. Whether this objection would be fatal we need not decide, for the judge clearly has the right to render the judgment of the court when it is done by consent, expressed or implied. This motion was discussed in court and His Honor pronounced his judgment in open court, and requested the attorney for the defendants to draw it up, which was not done until after the adjournment of the court. It was then drawn and signed by the judge and sent to the clerk of Henderson superior court, and soon thereafter the plaintiffs' attorney carried the judgment to His Honor and asked for time to appeal, but did not then make any objection to the judgment being entered, which he should have done if he wished to take any exception to its not having been signed during the term; and his failure then to object was a waiver of his right of objection—an implied assent, and he is concluded. *Hervey* v. *Edmunds*, 68 N. C., 243.

But there is another reason why this confessed judgment should not be allowed to stand. Martin, as shown by the

affidavit of the defendant, Huey, and by the facts as found by His Honor from that affidavit, and no where denied, was the attorney of both parties in this action. He had been the general counsel and attorney of each. And in this action he brought suit as attorney for the plaintiffs, and as counsel for the defendants advised them to confess judgment. This of itself is sufficient to vitiate the judgment. In *Moore* v. *Gidney*, 75 N. C., 34, the court say, "the law does not tolerate that the same counsel may appear upon both sides of an adversary proceeding, even colorably; and in general will not permit a judgment so affected to stand, if made the subject of exception in due time by the parties injured thereby. The presumption in such cases is that the party injured was unduly influenced by that relation, and the opposite party cannot take the benefit of it." The defendants took exception to the judgment at first term after ascertaining that the agreement had been violated; and they seem to have been unduly influenced and thrown off their guard by the implicit confidence they had in the fidelity and integrity of their counsel, who was also acting for the other party, and the plaintiffs are trying to take advantage of it.

This case very aptly illustrates the great impropriety of the same person acting as counsel for opposing parties. For had Martin, in place of essaying the vain attempt of subserving two antagonistic interests, acted solely as counsel for defendants, he would probably have advised them that besides their counter-claim for the deficiency in the personal property, they had a good defence to the action; and instead of advising them to confess judgment, would have set up for them the defence, that as the deed of trust was not to be foreclosed until 1882, when the last note will fall due, there was an implied credit upon all the notes secured in the trust, until then, upon the authority of the decision of this

court in the case of *Harshaw* v. *McKesson,* 66 N. C., 266, and 65 N. C., 688.

There is no error. Let this be certified to the superior court of Henderson county, that the judgment confessed or assented to by the defendants at the August term, 1877, of that court may be vacated,.and that the transcript of said judgment docketed in any other county upon proper application may be set aside.

No error.                                          Affirmed.