PATTIE D. B. ARRINGTON et al v. J. P. ARRINGTON, Executor, et al.

*Attorney and Client—Appearance for both Parties—Invalid Judgment.*

1. The law does not tolerate that the same counsel may appear on both sides of an adversary proceeding, even colorably, and, in general, will not permit a judgment or decree so affected to stand if excepted to in due time; therefore,

2. Where the attorney for certain executors and devisees, in a proceeding against the estate of the deceased person to sell land for the payment of debts, also represents a claimant and procures judgment for the latter, such judgment will not be allowed to stand, even though no fraud was intended or practiced.

CIVIL ACTION, heard at May Term, 1893, of VANCE Superior Court, before *Shuford, J.* The action was by Pattie D. B. Arrington and husband against J. P. Arrington, executor, and others, as the devisees of A. H. Arrington, and the administrator and heirs of T. J. A. Cooper, to secure the payment of a judgment. In response to an order of court directing him to report the entire amount of the outstanding liabilities of the estates of A. H. Arrington and Cooper, the referee reported the proportion of the judgment due by the Cooper estate to plaintiffs as the only liability against the Cooper estate, and the proportion of plaintiffs judgment due by the Arrington estate to plaintiffs, and the amount of a judgment in favor of Mrs. Nancy Bunn, as the only liabilities against that estate. By subsequent orders and judgments of court in the action, the claims, as reported, were recognized, and finally judgment was rendered ordering the payment of plaintiffs' and Nancy Bunn's judgment by defendants. Defendants S. L. and J. C. Arrington thereupon made a motion to have the judg-

ments rendered in the action, so far as they recognized the Nancy Bunn judgment, set aside, and from a judgment denying that motion those defendants appealed. From a judgment setting aside a judgment in reference to the judgment of Nancy Bunn, she and others appealed.

The other facts fully appear in the opinion of Associate Justice MONTGOMERY.

*Messrs. Battle & Mordecai*, for respondents.
*Mr. R. B. Peebles, contra.*

MONTGOMERY, J.: This case was begun in the name of Pattie D. B. Arrington and her husband, in Nash County, in 1879, upon a judgment against the executor of A. H. Arrington and the administrator and heirs of T. J. A. Cooper for an account and payment of said judgment, and against the devisees of A. H. Arrington, deceased, to subject the devised lands to the payment of said judgment. The questions before this Court arise upon a motion made in the case, by the defendants, the said S. L., A. H. and J. C. Arrington, children and devisees of A. H. Arrington, " to set aside so much of the judgments rendered in this action as establishes or recognizes a judgment in favor of Nancy Bunn against the executors and devisees of A. H. Arrington, deceased ( other than W. L. Thorpe and wife, ) to-wit, the judgment rendered by *Judge Shepherd*, at June Term, 1885, the judgment signed by *Judge Shipp* as of October Term, 1887 ; the judgment of May Term, 1889 ; the judgment of Fall Term, 1890 ; the judgment at May Term, 1891, and all other judgments rendered in this action prior to May Term, 1891, relating to said claim or judgment of Nancy Bunn."

The motion was heard by *Judge Shuford*, at May Term, 1893, of Vance Superior Court, and the following facts were found by the Court :

ARRINGTON *v.* ARRINGTON.

(1.) This action was commenced in the name of Pattie D. B. Arrington and husband as plaintiffs, returnable to the Fall Term, 1879, of Nash Superior Court, not as a creditor's bill, but as an action upon a judgment against the executor of A. H. Arrington and the administrator and heirs of T. J. A. Cooper, for an account and payment of said judgment, and against the devisees of A. H. Arrington, deceased, to subject the devised lands to the payment of so much of said judgment as the personal assets were insufficient to pay.

(2.) The summons was duly served on all of the defendants. The defendant T. M. Arrington was represented by Jacob Battle, Esq., and John P. Arrington, as executor, by Messrs. Connor and Woodard. None of the other defendants were represented by counsel until at the June Term, 1885, when the said Jacob Battle appeared as counsel for the said executor and all the devisees of A. H. Arrington, deceased.

(3.) At Fall Term, 1883, an order of reference was made to R. A. P. Cooley, Esq., on motion of plaintiff P. D. B. Arrington, directing said referee, among other things, to ascertain and report the entire amount of the outstanding liabilities of the estates of A. H. Arrington and Cooper, list of all claims unsatisfied against the two estates to be given. At June Term, 1885, of Vance Superior Court ( the action having in 1882 been removed to Vance County) the referee filed his report, stating, among other things, that there is due on the judgment in favor of the plaintiff $9,247.44 December 1, 1884, and that of this there is due from Cooper's estate, the only liability against the same........$3,489 13½ And from Arrington's estate............................. 5,758 30½

$9,247 44

And that the only liability against the latter estate was

"the amount due on judgment in favor of Mrs. Nancy
Bunn."_____._____\$   853.84
                                                                 5,785.30½

                                                                 \$6,612.14½

The referee states in his report that the cause was heard
before him at his office in Nashville, September 22, 1884,
"all necessary parties being present or represented by
counsel."

(4.) That there is on file in the cause no evidence other
than this statement of the referee that any notice of the
taking, etc., of said accounts was given to any of the
defendants; and upon the affidavit of S. L. Arrington the
Court finds that no notice was given to the defendants
other than John P. Arrington and T. M. Arrington.

(5.) That prior to May Term, 1891, none of the defend-
ants except John P. Arrington attended Court in Vance
County in person, and that the defendants other than John
P. Arrington and T. M. Arrington did not consent to the
order of reference made at Fall Term, 1883, before men-
tioned, and that at that time no one was authorized to
consent thereto for them, and to that extent said order of
reference does not speak the truth.

(6.) That the defendants other than John P. Arrington
and T. M. Arrington had no knowledge of the Nancy
Bunn claim until May Term, 1891.

(7.) Before the referee, Cooley, B. H. Bunn, of counsel
for Nancy Bunn, presented the claim of Nancy Bunn and
no objection was made to it.   Jacob Battle, representing
T. M. Arrington, did not object to it, because he knew of
no legal defence to it, and no information was given him
on the subject by T. M. Arrington or any one else.   There
was no evidence returned with Cooley's report on which
said claim was based.

(8.) That no notice had been given to creditors to come in and make themselves parties to said action, and no motion had been made by Nancy Bunn asking to be made a party.

(9.) At the June Term, 1885, Jacob Battle was counsel of record for the executors of A. H. Arrington and the devisees of said Arrington. B. H. Bunn, being engaged at home, asked said Jacob Battle, just before June Term, 1885 (he having been his law-partner since January 1, 1880), to ask all of the parties to agree that the Nancy Bunn claim should be paid at once. Said Battle said nothing to the parties on the subject. At said June Term, 1885, B. H. Bunn was not present, and the judgment in favor of Nancy Bunn was rendered, on motion of Jacob Battle, as appears of record, and was in his handwriting. This judgment was written and signed after said Battle had made a motion to be allowed to file an amended answer for the personal and real representatives of the two estates, which was allowed, the Court stating that all matters must be closed except the matters raised in the amended answer for the first time.

(10.) That all the other judgments rendered in this action, in which the Nancy Bunn judgment is mentioned, are in the handwriting of Jacob Battle, except the judgment at Fall Term, 1887, signed by *W. M. Shipp, Judge,* which is in the handwriting of Spier Whitaker, Esq., except the last eleven lines of the modified judgment, which is in the handwriting of said Jacob Battle, Esq. Some of said judgments were countersigned by some of the parties as appears of record.

(11.) There was no adjudication of said Nancy Bunn's claim in either of said judgments signed by *Judge Shipp.* The only reference to it in the modified judgment is as follows : " It having been suggested that the amount herein-

before stated to be due on the judgment of Mrs. Nancy Bunn may be incorrect, the Commissioners, Whitaker and Battle, will pay to her any less sum which they may find to be due on said judgment."

(12.) That at May Term, 1891, said Jacob Battle represented the said Nancy Bunn and the executors and devisees of A. H. Arrington. Three of the latter, Samuel L., A. H. and J. C. Arrington were also represented by R. B. Peebles. At said term, after examining the records of the case at Vance Court, said Peebles stated to said Jacob Battle that the Nancy Bunn judgments on the record at Vance Court were irregularly entered, and that he would, on behalf of his clients, have to move to set them aside. That thereupon said Jacob Battle told said Peebles that Nancy Bunn had in Nash County, a judgment regularly rendered against A. H. Arrington. The said Peebles had no opportunity to exmaine the records in Nash County, and relying upon this statement, said Peebles signed the judgment at May Term, 1891, as of counsel for S. L., A. H. and J. C. Arrington. That in making this statement the said Jacob Battle honestly thought that the Nash County Nancy Bunn judgment was in all respects regular.

(13.) That from the affidavits and other evidence filed, there is reasonable ground for believing that the Nancy Bunn judgment in Nash County was irregularly entered up, and that defendants in good faith claim to have a good and valid defence to said claim. All of the entries of record touching said judgment are here attached as part of this finding.

(14.) That in the motion to set aside the Nancy Bunn judgments, the said R. B. Peebles appears of counsel for the executors and all the living devisees of A. H. Arrington.

(15.) That the motion to set aside the judgment in favor

of John P. Arrington, and the one in favor of Jacob Battle for his fees and expenses, are abandoned.

(16.) That Jacob Battle has never obtained permission from the Court to retire as counsel for the executors and devisees of A. H. Arrington or either of them.

(17.) That the Nancy Bunn judgment in Nash County was alleged to have been obtained by W. T. Dortch as counsel for said Nancy, on a bond against H. G. Williams and S. S. Cooper as principals, and A. H. Arrington as surety, but the judgment is not signed and was written by the Clerk's son at the dictation of the Clerk, but it does not appear to the satisfaction of the Court when said judgment was taken or written up, in vacation or at term-time.

(18.) That the law copartnership of B. H. Bunn and Jacob Battle was formed January 1st, 1880, and it did not embrace any business or cases either had at that time. According to the best recollection of B. H. Bunn, Esq., he represented the said Nancy Bunn as to her judgment in Nash County prior to January 1st, 1880. That Jacob Battle did not, until May Term, 1891, represent Nancy Bunn as her counsel, only as his acts and conduct in reference to judgments rendered prior to that term in this action as herein found constitute him her attorney. And upon the foregoing facts, it is considered and adjudged that the judgments rendered in this action at the May Term, 1891, so far as it relates to the judgment of Nancy Bunn, be and the same hereby is vacated and set aside, for the reason that the same was signed by counsel, and Jacob Battle, Esq., was representing the said Nancy Bunn, and also the real and personal representatives of A. H. Arrington, deceased. It is further considered by the Court that the acts and conduct of said Jacob Battle, prior to said May Term, 1891, did not constitute him the attorney of Nancy Bunn, and that the personal and real representatives of A. H. Arrington's

estate are bound by his acts, and the motion to set aside so much of the judgments rendered prior to May Term, 1891, as relates to the said Nancy Bunn judgment, is refused.

Upon the foregoing facts the court rendered judgment vacating and setting aside the judgment obtained in this action at May Term, 1891, so far as it related to the judgment of Nancy Bunn, for the reason that same was signed by counsel and Jacob Battle was representing the said Nancy Bunn, and also the real and personal representatives of A. H. Arrington, deceased. The court declared at the same time "that Jacob Battle did not until May Term, 1891, represent Nancy Bunn as her counsel, only as his act and conduct in reference to judgment rendered prior to that term in this action as herein found constituted him her attorney"; that the personal and real representative of A. H. Arrington's estate was bound by his acts and deeds, and the motion to set aside the said judgments as set out in the motion other than the one of May, 1891, was refused. The respondents appealed to this Court from so much of the judgment as set aside the judgment of May Term, 1891, so far as it affected the Nancy Bunn judgment, filing the following exceptions to His Honor's findings:

"1st. For that the respondents requested the Court to find fully the facts as to Nancy J. Bunn's transferring her judgment debt on May 16, 1891, as stated in her affidavit and the affidavit of Jacob Battle, and the Court failed to do so.

"2d. For that the Court failed to declare, as a matter of law, that this consent judgment of May Term, 1891, could not be set aside save for fraud or mutual mistake, and that there was no evidence to show either.

"3d. For that the Court failed to find fully the circumstances of the rendition of the judgment in favor of Nancy

116—12

J. Bunn, and especially that it was rendered at a regular term of the Court.

"4th. For that the Court failed to declare, as a matter of law, that the judgment aforesaid (to-wit, the said judgment in favor of Nancy Bunn) was not so irregular that it could be set aside after so many years.

"5th. For that the Court failed to find that the judgment of May Term, 1891, was made after the question in relation to the Nancy Bunn debt or claim had arisen, and that in respect to that question the said Jacob Battle and the said A. H., S. L. and J. C. Arrington, acting through their attorney, R. B. Peebles, were dealing at arm's length.

"6th. For that the Court failed to rule that the claim of payment set up in S. L. Arrington's affidavit, dated June 1, 1892, was unreasonable and completely negatived by counter affidavits filed by the petitioners.

"7th. For that the Court failed to rule that there was presumption of law that when the judgment in favor of Nancy Bunn was rendered, the bond on which it is alleged the same was rendered was cancelled and filed with the Clerk, and that such presumption is not repelled by the fact that the bond cannot now be found in the Clerk's office of Nash Superior Court."

Such of the above exceptions as relate simply to the findings of fact by His Honor are not reviewable here.   Upon the facts found, and especially upon the one that at May Term, 1891, Jacob Battle represented Nancy Bunn and the executors and devisees of A. H. Arrington, His Honor rendered judgment vacating and setting aside that part of the judgment of May, 1891, which related to the Nancy Bunn judgment, and from which the respondents appealed. As we find no error in that part of the judgment of the court, rendered by *Judge Shuford,* setting aside and vacat-

ing the judgment of May Term, 1891, so far as it relates to the Nancy Bunn judgment, it is not necessary to pass upon the exceptions of the respondents to the other findings of law by the court. It was not necessary for the court to have found actual fraud intended or perpetrated, in rendering its judgment. Indeed in *Moore* v. *Gidney*, 76 N. C., 33, where it appeared that the attorney for an administrator, in proceedings against the widow and heirs-at-law of the intestate to sell land to make assets for the payment of debts, also drew the answer in the cause, and that without fee, and a sale took place under the proceedings which were afterwards set aside on account of this action of the attorney, this Court said, "But it is denied that the counsel of the plaintiff acted as the defendant's counsel further than in drawing up her answer; and we are satisfied that no improper influence was intended. Yet the law does not tolerate that the same counsel may appear on both sides of an adversary proceeding, even colorably; and in general will not permit a judgment or decree so affected to stand if made the subject of exception in due time by the parties injured thereby. The presumption in such cases is that the party was unduly influenced by that relation, and the opposite party cannot take the benefit of it." As to that part of the judgment of the court below setting aside and vacating the judgment of 1891, so far as it relates to the Nancy Bunn judgment, the same is affirmed.

In the appeal of S. L. and J. C. Arrington, defendants:

MONTGOMERY, J.: From so much of the judgment overruling the exceptions filed to the report of J. M. Mullen, referee at October Term, 1891, by the defendants, which exceptions are as follows: "2. For that he finds that said estate is indebted to Nancy Bunn $1,035.89, and interest $12.68.

"4. For that he finds that in April, 1869, H. G. Williams, S. S. Cooper and A. H. Arrington confessed judgment to Nancy Bunn, before the Clerk of the Superior Court for Nash county, for $1,182.32, of which $1,100 is principal.

"5. For that he finds that the so-called Nancy Bunn judgment was revived, as stated in said report;" and also from that part of said judgment refusing to vacate and set aside all the aforesaid judgments, named in defendant's motion and rendered in this action, in so far as they relate to said judgment in favor of Nancy Bunn, the executors of A. H. Arrington and the devisees of A. H. Arrington, other than W. L. Thorpe and wife, appealed to this Court, assigning as errors in the rulings and judgment of the court below, the following :

1st. In overruling said exception No. 2.

2d. In overruling said exception No. 4.

3d. In overruling said exception No. 5.

4th. In receiving evidence of Jacob Battle to contradict the record of the judgment rendered at June Term, 1885, which shows upon its face that said judgment in favor of Nancy Bunn was obtained on the motion of said Jacob Battle, and was signed by him as attorney, and by Bunn & Battle, attorneys for Spier Whitaker, trustee.

5th. In holding that upon the facts found Jacob Battle never acted as counsel for Nancy Bunn in this action prior to the May Term, 1891.

6th. In holding that the facts found and the acts shown by the records did not constitute Jacob Battle Nancy Bunn's attorney in obtaining said judgment for her in this action.

7th. In refusing to set aside the judgment rendered in Nancy Bunn's favor in this action at June Term, 1885, upon the facts found.

8th. In refusing to set aside the last-named judgment

upon the facts found, and those appearing upon the face of the record.

9th. In refusing to set aside the other judgments complained of upon the facts found.

10th. In refusing to set aside said judgments upon the facts found, and those appearing upon the face of the record.

11th. In refusing to set aside said judgments as fraudulent and void.

12th. In refusing to set aside said judgments as being rendered without process and without a day in Court.

13th. In holding that the defendants, represented by R. B. Peebles, were bound by the acts of Jacob Battle, at June Term, 1885, in regard to the Nancy Bunn claim.

14th. All other errors appearing upon the record.

It is unnecessary to pass *seriatim* upon all of the exceptions. Upon all the facts which His Honor found and especially upon his findings 4, 5, 6, 9, 10, 12, 13, 16, 17, we are satisfied that he erred when he refused to set aside and vacate all the judgments rendered in this case and named in defendant's motion, in so far as they concern the Nancy Bunn judgment. (It appears in the respondents' appeal that the judgment of May, 1891, was set aside in so far as it affected the Nancy Bunn judgment.) These findings of fact, when summarized, appear to be:

1. That at June Term, 1885, Jacob Battle was counsel of record for the executors of A. H. Arrington and the devisees of said Arrington, including these defendants, and that at that term the judgment in favor of Nancy Bunn was rendered on motion of Jacob Battle, as appears of record and was in his hand-writing.

2. That all other judgments rendered in this action in which the Nancy Bunn judgment is mentioned are in the hand-writing of Jacob Battle, except the judgment at Fall

Term, 1887, which is in the hand-writing of Spier Whitaker, except the last eleven lines of the modified judgment, which is in the hand-writing of said Jacob Battle.

3. That at May Term, 1891, Jacob Battle represented Nancy Bunn and the executors and devisees of A. H. Arrington.

4. That there was reasonable ground for believing that the Nancy Bunn judgment in Nash County was irregularly entered up and that defendants in good faith claim to have a good and valid defence to said claim.

5. That Jacob Battle had never obtained, up to May Term, 1893, permission from the Court to retire as counsel for the executors and devisees of A. H. Arrington, or either of them.

6. That the Nancy Bunn judgment in Nash County was alleged to have been obtained by a lawyer of good standing for said Nancy, is not signed, and was written by the Clerk's son at the dictation of the Clerk, but it does not appear to the satisfaction of the court when said judgment was taken or written up in vacation or in term-time.

7. That the defendants appellant had no knowledge of the Nancy Bunn judgment until May Term, 1891, and had no notice given them of the reference to R. A. P. Cooley at Fall Term, 1883. This Court cannot go behind the facts found by the Court below, but the last sentence of finding, 10 of the Court, more than authorizes us to look at the records referred to, and in doing so we find that the judgment of May, 1885, was signed "Jacob Battle, Attorney" and " Bunn & Battle, attorneys for Spier Whitaker, Trustee." It appears also from the findings of the Judge that there is reasonable ground for believing that the Nancy Bunn judgment in Nash County was irregularly entered up and that defendants in good faith claimed to have a good and valid defence to said claim. There is therefore danger

of loss to the defendants by reason of the judgments in Vance Superior Court in this case so far as those judgments relate to the Nancy Bunn judgment. The Court found as a fact that the said Jacob Battle honestly thought that the Nash County judgment (Nancy Bunn judgment) was in all respects regular. As we said in the respondents' appeal, it is not necessary that there should have been actual fraud in the procurement of those judgments, in order that they might be set aside by motion, but that the rule which forbids the same attorney for representing both parties in adversary proceedings rests upon the broad principle of public policy, which precludes persons occupying these fiduciary relations from representing conflicting interests that may tempt them to disregard duty and lead to injury on one side on the other. The law will not permit its licensed attorneys to assume relations that will subject them to this temptation, upon grounds of public policy; and it is for this reason that an attorney will not be permitted to represent both sides in any litigated matter. *Gooch* v. *Peebles*, 105 N. C., 411.

After a careful review of each and all of the findings of His Honor, we have no difficulty in arriving at the conclusion that those findings constituted, in law, Jacob Battle the attorney of Nancy Bunn at the times of the rendition of all the judgments named in the defendant's motion in this case, in her favor; and we are of the opinion that the Judge below erred in not so finding as matter of law, and that he also erred in not setting aside and vacating each and all of the judgments in Vance Superior Court, named in defendant's motion in this case. The said exceptions by the defendants to the report of J. M. Mullen, referee, at October Term, 1891, ought to have been sustained for the reason that there was no proof offered to the said referee

except the record pertaining to the said judgments, and that was not sufficient.

The judgment below is reversed, and that further action may be had in this case according to the decision of this Court, let this opinion be certified to the Superior Court of Vance County.

Reversed.