J. C. MARCOM, Administrator of W. H. BLEDSOE v. P. T. WYATT.

*Practice—Special Proceedings—Sale of Land for Assets —Confirmation—Defendant's Day in Court—Attorney and Client—Appearance on Both Sides.*

1. Where adult defendants, who have been duly served with summons in a proceeding for the sale of land for assets, make no appearance until the hearing of a motion to confirm the sale, they cannot then oppose the confirmation upon the ground that the title to the land is in other persons, strangers to the proceedings.

2. Persons who have not been made parties to a proceeding for the sale of an intestate's land for assets, and have not moved to be allowed to become parties or to file answers, will not be allowed, on the hearing of a motion to confirm the sale, to interpose their objections.

3. The same attorney may not appear on both sides of an adversary proceeding, even colorably, and a judgment or decree rendered under such circumstances will be vacated if excepted to in proper time. Hence, a decree in a proceeding for the sale of land for assets will be set aside where, on the hearing of a motion to confirm the sale, it appears that the attorney for the plaintiff wrote or dictated the answer for the guardian *ad litem* of an infant defendant.

4. A purchaser at an administrator's sale of land for assets is not entitled to an order for possession when the defendants to the proceeding were not in possession of the land when the order of sale was made nor claiming through any person who was in possession at the commencement of the proceedings.

SPECIAL PROCEEDING by the administrator of W. H. Bledsoe to sell land for assets for payment of debts, heard before *Starbuck, J., at Chambers*, on appeal from the judgment of the Superior Court Clerk of WAKE County. The decree of the clerk was affirmed and defendants appealed. The facts appear in the opinion of Associate Justice MONT-GOMERY.

117—9

*Mr. J. C. L. Harris*, for Bledsoe (appellant).
*Mr. T. R. Purnell*, *contra*.

MONTGOMERY, J.: This was a special proceeding before
the Clerk of the Superior Court of WAKE County, institu-
ted by the administrator of W. H. Bledsoe, deceased,
against the next of kin of the intestate, one of whom,
Moses A. Bledsoe, Jr., was an infant, for the purpose of
selling certain lands belonging to the estate of the intestate,
the proceeds of the sale to constitute assets for the pay-
ment of his debts.     The summons was served on all the
defendants and also upon the guardian *ad litem* of the
infant defendant.     There was no answer put in except
that of the guardian *ad litem* in- which he admitted the
facts set out in the petition and consented to the sale. The
clerk at the proper time, made a decree for the sale of the
land described in the petition ; the administrator made the
sale according to the terms of the decree and filed his
report on the 4th of November, 1894.     On the 15th of the
same month the attorney of the administrator prayed for
a confirmation of the sale and for an order for possession.
Whereupon, Moses A. Bledsoe, attorney, made an appear-
ance for the defendants, and also a special appearance for
numerous persons who were not parties to the proceeding,
and opposed the confirmation of the sale on the grounds (1)
that the persons who made the special appearance through
him to oppose the confirmation of the sale were the real
owners of the land or had an interest therein : and (2) that
T. R. Purnell was attorney of record for the administrator
plaintiff, and the attorney and advisor of the defendant
guardian *ad litem*.     The clerk overruled the objections and
confirmed the sale; ordered the administrator upon payment
of purchase money to make title and granted the motion for
an order for possession.  There was an appeal to the Judge of

the District and upon his confirming and approving the rulings of the clerk the matter was brought to this Court.

There was no error in the clerk's refusal to permit the adult defendants to try to prove title in strangers to the land which had been sold; besides, they had had their day in court and failed to make any answer. Neither was there error in the clerk's action in confirming the sale against the objection of those persons who were not parties to the proceeding. They made no motion to become parties defendant, nor to be allowed to file an answer in which they might be allowed to set up their rights or title to the land. This motion was simply to object to a confirmation of the sale without taking upon themselves the responsibility of making good their claim to the land by answer and trial. If they have any rights in the land they are not precluded from asserting them hereafter: for, not being parties to this proceeding, they are not bound by any decree made therein.

The other objection was valid and there was error in the clerk's overruling it. The objection was supported by the affidavits of the guardian *ad litem* and of the infant defendant. The guardian *ad litem* affirms that Mr. Purnell approached him and requested him to act as guardian *ad litem* of the infant defendant; that he assured him that it was merely a matter of form and wrote or dictated the answer for him; that from the representations made to him by Mr. Purnell he did not think it necessary nor did he notify or consult the infant defendant, who was about twenty years of age, nor any other person in regard to the matters involved in the proceeding; that he knew nothing of the merits of the case, nor the extent to which the interest of the infant would or could be affected by his answer. The affidavit of the infant defendant affirms that he was not aware that a guardian *ad litem* had been appointed for

him, and that he never conferred with him in reference to the matter, and that the answer was filed without consultation with him or with any of his immediate friends ; and that he had been injured in his estate by such action.

It is well settled by the repeated decisions of this Court that the same counsel may not appear on both sides of an adversary proceeding, even colorably, and the law will not permit a judgment or decree so affected to stand if made the subject of exception in due time by the parties injured : and this Court has decided that the drawing by the plaintiff's attorneys of an answer for the guardian *ad litem* of infant defendants, without fee and where no improper influence was intended or exerted, was an appearance on both sides.    The Judge below found no facts, making his ruling upon the law alone, and, therefore, to be just to Mr. Purnell, we think it proper to say there is nothing in the record going to show bad faith in the part he took in preparing the answer of the guardian *ad litem.*    The reflections made upon him by the counsel for the defendants in the pleadings and in the language of the affidavit prepared for the infant defendant are undeserved, so far as appears in the record.    We are of the opinion therefore that the order of sa e and the confirmation are irregular and void as to Moses A. Bledsoe, Jr., the infant defendant.    The guardian *ad litem* should file another answer after a proper investigation into the facts and the law in the matter and if he should decline to do so another should be appointed in his place.

The purchaser was not entitled to the order for possession for the reason that the defendants were not in possession of the land when the order of sale was made, nor were they claiming possession through any person who was in possession at the commencement of the proceedings.    The clerk may make an order upon motion of purchaser, that

plaintiff administrator shall, upon the payment to him of the whole amount bid by the purchaser for the land, make a conveyance to her of all the right, title, and interest of the adult defendants in and to the land sold.   If, however, the purchaser should decline to do this, the administrator may be ordered, if a final decree of a sale is had in this proceeding against the infant defendant, to sell the interest of all the defendants in the land again.   If a final decree should not be had against the infant defendant then the administrator may sell the interest of the adult defendants in the land under the decree already had in the proceeding.

Error.