S. L. MOSELEY, J. A. MOSELEY, WILLIS MOSELEY, MARY ELIZA LANGLEY, WILLIAM MOSELEY, ELISHA MOSELEY, JACK MOSELEY, LOUISE M. ELLIS, NORMAN MOSELEY, AMOS MOSELEY, THURHAM MOSELEY (MINOR), SYLVESTER MOSELEY (MINOR), GLADYS MOSELEY (MINOR), CHILDREN OF J. T. MOSELEY, DECEASED, AND ERNEST MOSELEY, J. G. MOSELEY, RUBY MOSELEY AND MARY MOSELEY, CHILDREN OF JIM MOSELEY, HEIRS AT LAW AND NEXT OF KIN OF ELISHA MOSELEY, DECEASED, THE MINOR CHILDREN HEREIN BEING REPRESENTED BY THEIR DULY APPOINTED NEXT FRIEND, S. L. MOSELEY; AND MITTIE MOSELEY, WIDOW OF ELISHA MOSELEY, DECEASED, v. RUBY BELLE TILGHMAN DEANS AND HUSBAND, LOUIS DEANS.

(Filed 24 March, 1943.)

1. Process §§ 1, 9: Appearance § 2a—

The purpose of judicial process is to give notice, and its proper service brings the party within the jurisdiction of the court from which the process issued, and hence acceptance of notice and waiver of service by an officer and voluntary appearance in court dispenses with service. Irregularity in the form of the summons is waived.   C. S., 489, 490.

2. Appearance § 2b—

A general appearance cures all defects and irregularities of process.

3. Process §§ 3, 9:  Appearance § 2a—

While the statute (C. S., 476) requires that a summons, directed to the sheriff of a county other than that from which it is issued, shall be attested by the seal of the court, the absence of a seal will not invalidate a judgment where service has been accepted and the defendant has voluntarily appeared.

4. Adoption §§ 5, 8:  Appearance §§ 2a, 2b:  Pleadings § 6:  Judgments § 6—

In a proceeding for adoption of a minor, under C. S., 182-184, now repealed, upon the filing of petition alleging the material facts and making the only living parent of the minor a party thereto and such parent accepting service of summons and a copy of the petition and consenting in writing on the summons to the adoption, this in effect constitutes a voluntary appearance and answer and is sufficient to support a judgment of adoption.

5. Adoption § 5:  Appearance § 2a:  Judgments § 6—

The fact that petitioner's counsel wrote part of the form of acceptance and consent, to be signed by the parent, on the back of a summons in an adoption proceeding, is not sufficient to destroy its legal effect, in the absence of any indication of fraud or undue influence.

APPEAL by defendants from *Stevens, J.,* at September Term, 1942, of PITT.   Reversed.

This was an action for partition of land among the collateral heirs of Elisha Moseley, who died intestate and without issue, and to declare void a judgment rendered by the clerk in 1927, purporting to legalize the adoption by Elisha Moseley and his wife of Ruby Belle Tilghman (now Deans).

The defendants allege that the adoption was valid, and that Ruby Belle Tilghman thereby became in law the child of Elisha Moseley and upon his death intestate, she inherited the land and is now the sole owner thereof.

The record of the adoption proceedings, referred to in the complaint and admitted in the answer, showed that petition before the clerk for the adoption for life of Ruby Belle Tilghman, daughter of Luther Tilghman, was filed by Elisha Moseley and his wife, Mittie Moseley, 7 October, 1925. The petition was signed by S. J. Everett, attorney, and verified by both petitioners. Luther Tilghman, the father of the child, the mother being dead, was made party defendant. Summons on the same date was issued by the clerk and directed to the sheriff of Lenoir County. The summons was not attested by the seal of the court. On the back of the summons appeared the following: "I, Luther Tilghman, the defendant named in this summons, do hereby accept service of same, with a copy of the petition to adopt Ruby Belle Tilghman, my child, and say that I have no objection to same. This October 10, 1925, with the understanding that I may have the privilege of going to see her when I see fit and she can come to see me sometime when she wants to and we will both be allowed to recognize each other." The words down to the date were in the handwriting of S. J. Everett, and the remaining words were added by Luther Tilghman in his own handwriting. Copy of the adoption petition was delivered to Luther Tilghman before or at the time of the acceptance of service of the summons. Ruby Belle Tilghman was then living with petitioners. In March, 1927, the following judgment was entered:

"Elisha Moseley  
Mittie Moseley  
——v——          } Judgment.  
Luther Tilghman  
Ruby Belle Tilghman.

"This special proceedings coming on to be heard upon the petition of Elisha Moseley and Mittie Moseley for the adoption of minor child, Ruby Belle Tilghman, for life; and it appearing that summons has been served, with a copy of the petition, upon Luther Tilghman, the father of the said child, he having filed no answer or other plea within the time fixed law, and not objecting thereto except that in accepting

service he requests that the child be permitted to visit him and he visit her enough to keep alive the affectionate relations of father and child, which is acceptable to the petitioners, it is now, therefore, ordered and adjudged that the said Ruby Belle Tilghman be and she is hereby adopted to and by the said petitioner with all the rights given said petitioners and said minor child under the law with the agreement above recited being a part of the judgment, except that the plaintiff petitioners shall have full control and authority over said child at all times. This March 29, 1927.

J. F. HARRINGTON, Clerk Superior Court."

Upon consideration of the record of the adoption proceedings the court was of opinion that the purported adoption was void, and declined to hear the testimony of Luther Tilghman, offered as a witness by defendants. Judgment was entered for the plaintiffs. The defendants appealed.

*Albion Dunn for plaintiffs, appellees.*
*R. T. Martin and J. B. James for defendants, appellants.*

DEVIN, J. The question presented by the appeal is whether the judgment rendered in the proceeding instituted by Elisha Moseley and his wife for the adoption of Ruby Belle Tilghman, daughter of Luther Tilghman, was sufficient in law to create the relationship of parent and child between petitioners and Ruby Belle Tilghman and to constitute the latter the heir of the adopting parent.

Elisha Moseley, from whom the land descended and the petitioner in the adoption proceeding, died intestate with no natural child surviving him. The plaintiffs are the brothers and sister and representatives of deceased brothers of Elisha Moseley. The mother of the child Ruby Belle Tilghman died before the institution of the adoption proceedings.

The plaintiffs challenge the validity of the adoption proceedings on four grounds: (1) That the summons was void for want of seal; (2) that the consent of Luther was never filed; (3) that, if the words on the back of the summons be treated as an answer and voluntary appearance, they were written by the attorney for the petitioners; and (4) that no hearing was had by the clerk and judgment rendered upon the allegations of the petition.

None of these objections can be sustained. While the statute (C. S., 476) requires that a summons directed to the sheriff of a county other than that from which it is issued shall be attested by the seal of the court, the absence of a seal would not invalidate a judgment where service has been accepted and the defendant has voluntarily appeared. *Stancill*

MOSELEY *v.* DEANS.

*v. Gay,* 92 N. C., 455; *Caldwell v. Wilson,* 121 N. C., 425 (453), 28 S. E., 554; *Rector v. Logging Co.,* 179 N. C., 59, 101 S. E., 502. The purpose of judicial process is to give notice, and its proper service brings the party within the jurisdiction of the court from which the process issued, and hence acceptance of notice and waiver of service by an officer and voluntary appearance in court dispenses with service. Irregularity in the form of the summons is waived. *Peoples v. Norwood,* 94 N. C., 167; *S. v. Jones,* 88 N. C., 683. The statute declares that the voluntary appearance of a defendant is equivalent to personal service (C. S., 490), and that the written admission of the defendant constitutes proof of service (C. S., 489). "A general appearance cures all defects and irregularities in the process." *Harris v. Bennett,* 160 N. C., 339, 76 S. E., 217.

The pertinent provisions of the statutes in force at the time of the institution of the adoption proceedings in this case required that in order to constitute a valid adoption petition be filed in the Superior Court, setting forth the material facts, including the name and age of the child and the names of the child's parents, and that the living parent must be made a party of record. C. S., 182 and 183. The statute also provided that "upon the filing of such petition, and with the consent of the parent or parents, if living," the court should have power to sanction and allow the adoption by an order to that effect. C. S., 184. Here the only living parent of Ruby Belle Tilghman was made party and signed on the back of the summons an admission of service of the summons, together with a copy of the petition, and declared in response to the petition that he had no objection to the ends thereby sought, to wit, the adoption of his daughter by petitioners. This must be understood to constitute both acceptance of service of process and voluntary appearance and submission of himself to the court's jurisdiction, as well as signifying in writing his consent to the adoption. It was in effect an answer to the petition. The petitioners having filed proper petition, duly verified, and both notice to and consent of the surviving parent appearing, the court had jurisdiction of the subject matter and of the persons necessary to an adoption, and was clothed with the power to sanction the adoption by an order to that effect. The defects in the adoption proceedings held fatal in *Truelove v. Parker,* 191 N. C., 436, 132 S. E., 295; *Ward v. Howard,* 217 N. C., 201, 7 S. E. (2d), 625; and *In re Holder,* 218 N. C., 136, 10 S. E. (2d), 620, do not appear on the record of this case.

Though some of the words appearing on the back of the summons were written by counsel for petitioners, these were adopted by the voluntary act of Luther Tilghman, the father, by signing his name thereunder and by adding other words in his own handwriting signifying his consent to

the adoption. It was upon consideration of the father's voluntary appearance and written statement that judgment was rendered, the clerk being careful to incorporate in his decree the father's expressed understanding that this did not sever the ties of affection between him and his motherless daughter.

We do not regard the action of the petitioners' counsel in writing on the back of the summons the form for acceptance of service, to be used by the father in case he so elected, as sufficient to destroy the legal effect of the acceptance of service. Here there was nothing to indicate that Luther Tilghman was unduly influenced by petitioners' counsel, or thereby "thrown off his guard." *Moore v. Gidney,* 75 N. C., 34; *Patrick v. Bryan,* 202 N. C., 62, 162 S. E., 207; *Gilliam v. Saunders,* 204 N. C., 206, 167 S. E., 799. No fraud or imposition is alleged or shown. Presumably the petitioners knew the father was consenting to the adoption, or the petition would not have been filed. While the decisions of this Court are to the effect that a judgment in an adversary proceeding will not be allowed to stand when it appears that the same attorney represented both plaintiff and defendant in the action (*Kerr v. Mosley,* 152 N. C., 223, 67 S. E., 482; *Arrington v. Arrington,* 116 N. C., 170, 21 S. E., 181; *Gooch v. Peebles,* 105 N. C., 411, 11 S. E., 415), we do not think that principle applicable here. The facts of this case are substantially different from those in *Molyneux v. Huey,* 81 N. C., 106, where counsel for both plaintiffs and defendant, who had antagonistic interests, advised defendant to confess judgment when a defense was available; or *Gooch v. Peebles,* 105 N. C., 411, 11 S. E., 415, where the same attorney attempted to represent conflicting interests in litigation at the same time; or *Cotton Mills v. Cotton Mills,* 116 N. C., 647, 21 S. E., 431, where upon motion of an attorney judgment was entered against the party for whom he appeared; or *Arrington v. Arrington, supra,* where the attorney for executors and devisees also represented claimants against the estate and procured judgment; or *Marcom v. Wyatt,* 117 N. C., 129, 23 S. E., 169, where plaintiff's attorney drew the answer for the guardian *ad litem* for the defendant; or *Johnson v. Johnson,* 141 N. C., 91, 53 S. E., 623, where separate counsel for plaintiff and defendant joined in same motion to set aside a judgment annulling a marriage; or *Patrick v. Bryan, supra,* where counsel for defendant through court action arranged a compromise settlement for an injury to an infant. In the last case this Court declined to set aside the judgment. See also *Henry v. Hilliard,* 120 N. C., 479, 27 S. E., 130; Weeks on Attorneys, sec. 271; Thornton on Attorneys, secs. 174, 175; 5 Am. Jur., 297.

In adoption proceedings the statute requires that the parent be made party of record, and also that he shall consent to the adoption prayed for

by petitioner. Thus, the concurrence of all parties is contemplated by the statute, and their agreement, in the absence of imposition or fraud, is not to be regarded as adversely affecting the validity of the proceeding. It may be noted that Luther Tilghman was present at the trial below and his offer to testify for the defendants was declined by the court, since its ruling on the record would not have been affected by testimony in support of defendants' contentions.

Here it is made to appear from the record that the surviving parent was made a party to the proceeding, that he accepted service of the summons and the petition, and, with knowledge of the contents of the petition and its purpose to legalize the adoption of his daughter, responded thereto by a statement to the court in writing that he had no objection to the adoption, with the understanding this did not prevent his seeing his child when he desired. Hence, nothing else appearing, it would seem that the requirements of the statute have been substantially complied with. The hearing before the clerk was presumed to have been in all respects regular, and on its face the judgment is apparently effectual for the purposes therein decreed.

On the record before us, we conclude that the court below was in error in adjudging the adoption proceedings void and entering judgment for the plaintiffs.

Reversed.