W. A. HALL, FOR HIMSELF AND OTHER CREDITORS WHO MAY MAKE THEMSELVES PARTIES AND JOIN IN THIS SUIT, v. SHIPPERS EXPRESS, INC., J. S. GAUL AND R. W. MOSELEY, RECEIVER AND INDIVIDUALLY.

(Filed 7 June, 1951.)

**1. Courts § 5: Judgments § 25: Receivers § 13—**

An order appointing a receiver by a court of competent jurisdiction in a proceeding regular upon its face may not be interfered with by order of another Superior Court judge, and an independent action instituted to have the receivership proceeding declared void is properly dismissed as being a collateral attack upon the order of receivership.

**2. Receivers § 8—**

The fact that the debtor admits the allegations of the complaint and joins in the prayer for the appointment of a receiver, if done in good faith, is insufficient in itself to show fraud or collusion and does not deprive the proceeding of its adversary character.

**3. Attorney and Client § 7—**

An attorney, since he occupies a fiduciary relationship, will not be allowed, as a matter of public policy, to represent both parties in an adversary proceeding, and a judgment or decree so affected will be set aside upon motion in the cause.

**4. Receivers § 8: Attorney and Client § 7: Judgments § 25—**

A judgment appointing a receiver may not be collaterally attacked on the ground that the same attorney represented both the plaintiff and the debtor in the action in which the receiver was appointed, but the proper

remedy is by motion in the cause to have the judgment vacated, in which case the court would have the power to make such further orders as might be necessary to protect the interests of the respective parties.

APPEAL by plaintiff from *Burney, J.*, 18 January, 1951, of NEW HANOVER.

This is an action instituted for the purpose of obtaining a judgment against each of the defendants, on an open account due the plaintiff by the defendant Shippers Express, Inc., and to have a receivership proceeding theretofore instituted in the Superior Court of Mecklenburg County declared null and void, and for the appointment of a Receiver of the Shippers Express, Inc., to take over its assets, and to have the court declare the plaintiff's debt a first lien on the assets of the corporate defendant.

The plaintiff alleges the receivership proceeding in the Superior Court of Mecklenburg County is null and void, for the reason that counsel who had represented Shippers Express, Inc., "for a good while" brought the action against the defendant corporation, and prepared the answer filed on behalf of said corporation, in which it admitted the allegations of the complaint and joined in the prayer for the appointment of a Receiver. The answer was verified by all the stockholders of the corporation except one, who owns only two shares of its capital stock. No counsel appeared of record for the defendant in the proceeding in Mecklenburg County. The plaintiff further alleges upon information and belief, that the proceeding in the Superior Court of Mecklenburg County was fraudulent and void and instituted for the purpose of defrauding creditors of the defendant corporation.

The defendant corporation and its Receiver, R. W. Moseley, through their counsel, entered a special appearance and moved to dismiss the action on the following grounds:

"1. Shippers Express, Inc., was a North Carolina corporation with principal office in Charlotte, North Carolina, and was engaged in the business of motor transportation.

"2. On 13 December, 1950, R. W. Moseley was appointed Receiver of Shippers Express, Inc., by order of Hon. A. R. Crisp, Judge presiding, in an action entitled 'J. S. Gaul v. Shippers Express, Inc.,' and the said R. W. Moseley . . . is now acting as Receiver of Shippers Express, Inc. A true copy of the order appointing said Receiver is attached and made a part hereof.

"3. The summons, complaint and order to show cause in the above entitled action were served upon the defendants above named in Mecklenburg County on 28 December, 1950."

The defendant J. S. Gaul demurred *ore tenus* to the complaint.

The plaintiff offered in evidence, for the purpose of attack, a certified copy of the proceedings in the Superior Court of Mecklenburg County.

It was admitted by the defendants that the same counsel appeared for the plaintiff and defendant in the action of *J. S. Gaul v. Shippers Express, Inc.,* and that thereafter the court appointed the same attorney as counsel for the Receiver.

The court below held that the plaintiff is not entitled to maintain an independent action, but his remedy, if any, is by motion in the cause in the Superior Court of Mecklenburg County, in the action in which R. W. Moseley was appointed, and is now acting, as Receiver of the corporate defendant, and dismissed the action.

Plaintiff appeals to the Supreme Court and assigns error.

*Isaac C. Wright for plaintiff.*
*John H. Small for defendants.*

DENNY, J. The plaintiff does not allege that the complaint in the action of *J. S. Gaul v. Shippers Express, Inc.,* filed in the Superior Court of Mecklenburg County, 13 December, 1950, or the answer thereto contains any allegation that is not true or that the pleadings filed therein were insufficient to justify the court in granting the relief sought.

The proceeding in the Superior Court of Mecklenburg County appears to be regular on its face, and the court being one of competent jurisdiction in receivership proceedings, and having acquired jurisdiction of the parties and the subject matter in controversy, it may not be interfered with by any other court of co-ordinate authority. 14 Am. Jur., Courts, Sec. 243, p. 435 *et seq.* "That court which first takes cognizance of the controversy is entitled to retain jurisdiction until the end of the litigation, to the exclusion of all interference by other courts of concurrent jurisdiction," Gluck & Becker on Rec., Sec. 430, and quoted with approval by *Clark, J.* (later *Chief Justice*) in the case of *Worth v. Bank,* 121 N.C. 343, 28 S.E. 2d 488.

The mere fact that in a proceeding for the appointment of a Receiver for a debtor, the debtor admits the allegations of the complaint and joins in the prayer for the appointment of a Receiver, if done in good faith, such admissions are insufficient to show fraud or collusion, nor does it deprive the proceeding of its adversary character, or the court of its jurisdiction. In many instances the owner of property for which a Receiver is sought cannot in good faith deny the allegations of the complaint, and the best interests of such defendant may require acquiescence in the request for a Receiver. *In re Reisenberg,* 208 U.S. 90, 52 L. Ed. 403; *First Nat. Bank v. U. S. Encaustic Tile Co.,* 105 Ind. 227, 4 N.E. 846; 45 Am. Jur., Receivers, Sec. 119, p. 101.

The appointment of a Receiver under a consent decree does not render his authority subject to collateral attack. 45 Am. Jur., Receivers, Sec. 117, p. 99.

In the case of *Rousseau v. Call,* 169 N.C. 173, 85 S.E. 414, where the Receiver instituted an action and the legality of his appointment was challenged, *Hoke, J.,* in speaking for the Court, said: "The court, in the exercise of its jurisdiction, having entered judgment appointing plaintiff receiver, its judgment is not open to collateral attack, and, even if the order was improvidently made, its propriety is not open to question in this suit."

Where there is just ground for it, a Receiver can always be removed upon application to the proper judge. *Mitchell v. Realty Co.,* 169 N.C. 516, 86 S.E. 358; *Fisher v. Trust Co.,* 138 N.C. 90, 50 S.E. 592.

This Court, in *Surety Corp. v. Sharpe,* 232 N.C. 98, 59 S.E. 2d 593, speaking through *Ervin, J.,* said: "The law contemplates the settlement of all claims against the insolvent debtor in the original action in which the receiver is appointed, except in the infrequent instances where the appointing court, for good cause shown, grants leave to a claimant to bring an independent action against the receiver," citing *Black v. Power Co.,* 158 N.C. 468, 74 S.E. 468.

It is well settled, however, in this jurisdiction, that "the law does not tolerate that the same counsel may appear on both sides of an adversary proceeding, even colorably; and in general will not permit a judgment or decree so affected to stand if made the subject of exception in due time by parties injured thereby." *Moore v. Gidney,* 75 N.C. 34; *Molyneux v. Huey,* 81 N.C. 106; *Arrington v. Arrington,* 116 N.C. 170, 21 S.E. 181; *Marcom v. Wyatt,* 117 N.C. 129, 23 S.E. 169; *Patrick v. Bryan,* 202 N.C. 62, 162 S.E. 207.

In each of the last cited cases, except *Marcom v. Wyatt,* the injured party or parties filed a motion in the cause to set aside the judgment theretofore entered in said cause, on the ground that counsel represented conflicting interests. In *Marcom v. Wyatt, supra,* the guardian *ad litem* interposed an objection to the confirmation of the sale of real estate, in which the infant was interested, on the ground that the attorney for the administrator who instituted the proceeding was also the legal adviser of the defendant guardian *ad litem* and prepared the answer.

The rule which forbids the same attorney from representing both parties in an adversary proceeding is based upon the broad principle of public policy, which precludes persons occupying fiduciary relations from representing conflicting interests. *Arrington v. Arrington, supra.* See also *Cotton Mills v. Cotton Mills,* 116 N.C. 647, 21 S.E. 431, and *cf. Moseley v. Deans,* 222 N.C. 731, 24 S.E. 2d 630.

And while there is nothing to indicate that the able counsel who brought the original action against his corporate client, and prepared the answer for it, intended to do anything prejudicial to either party, if it can be shown that in the proceeding, adversary in form, there were conflicting or antagonistic interests to be litigated between the parties, and that the plaintiff has been injured thereby, it would seem that upon such showing he would be entitled to have the judgment vacated. This, however, would not prevent the court from making such further orders as might be necessary in order to protect the interests of the respective parties. *Marcom v. Wyatt, supra.*

The ruling of the court below to the effect that plaintiff's remedy, if any, is a motion in the cause in the Superior Court of Mecklenburg County, where the original action is pending, will be upheld.

The judgment of the court below is

Affirmed.