HAROLD MAXTON SMITH, BY HIS NEXT FRIEND, HAROLD D. SMITH, PLAINTIFF v. GORDON PRICE, CARROLL CLARK PRICE, MAY M. ROUSE, AND DARLENE HILL, DEFENDANTS.

(Filed 2 November, 1960.)

Attorney and Client § 5—

Where, in an action, brought by a passenger against the respective drivers and owners of the two cars involved in a collision, to obtain judicial approval of a settlement with the respective liability insurers, the same attorney represents the conflicting interests of defendants, and the claim of the minor driver for personal injuries is not brought to the attention of the court, the judgment is irregular and motion in the cause is the proper remedy of the minor driver to have the judgment set aside.

APPEAL by defendants May M. Rouse and Darlene Hill from *Bone, J.,* May Civil Term, 1960, of WAYNE.

May M. Rouse died pending a hearing on her appeal. This fact is brought to our attention by motion of Branch Banking & Trust Co., duly qualified as executor of her will, that it be made a party appellant. The motion is allowed.

On 4 January 1958 a collision occurred between an automobile owned by defendant Gordon Price and an automobile owned by defendant May M. Rouse. The Rouse automobile was operated by defendant Darlene Hill as agent for the owner. Gordon Price's automobile, a family purpose car, was operated by defendant Carroll Clark Price, minor son of, and with the consent of, the owner. Harold Maxton Smith was a guest passenger in the Price car. He received injuries as a result of the collision.

On 30 September 1958 the minor, Harold Maxton Smith, acting through his next friend, instituted suit in the Superior Court of Wayne County against the owners and drivers of the two automobiles. This was done to obtain judicial approval of a settlement agreed upon by plaintiff with the insurance companies carrying liability insurance on the two automobiles. The complaint alleged the collision resulting in injuries to plaintiff was caused by the joint and concurrent negligence of the drivers. Damages were sought against them because of such negligence and against the owners as *respondeat superiors.*

Pursuant to the agreement to settle, the insurance companies employed counsel to represent them. This attorney prepared and filed an answer for the owner and the operator of the Hill car. He likewise prepared and filed an answer for the owner, the minor operator of the Price car, and his guardian *ad litem.* Each answer denied that the driver was in any way negligent, asserting that the collision was proximately caused by the driver of the other vehicle. No references was made in the answer to the injuries sustained by the infant, Carroll Clark Price.

By consent the matter was heard by Judge Paul, presiding over the Eighth Judicial District, on 16 October 1958. He heard evidence with respect to plaintiff's injuries. Based on the evidence presented, he concluded the amount agreed upon, $2,500, was fair compensation for plaintiff's injuries. He approved the settlement, adjudging plaintiff recover of defendants the sum of $2,500 with costs. The fact that Carroll Clark Price sustained injuries in the collision for which he was asserting a claim against the defendants Rouse and Hill was not called to the attention of Judge Paul.

Carroll Clark Price instituted an action against defendants Rouse and Hill to recover compensation for the injuries which he sustained in the collision. As a bar to such recovery, defendants in that action pleaded the judgment rendered by Judge Paul awarding compensation to plaintiff in this action. Carroll Clark Price thereupon moved to vacate and set aside the judgment rendered by Judge Paul insofar as said judgment affected him. Judge Bone found the facts as summarized above and further found "that it was not to the best interest of the said Carroll Clark Price that said judgment be entered and there was no finding by the Court that said judgment was not injurious to the rights of the infant defendant, Carroll Clark Price," vacated the said judgment as to the infant Carroll Clark Price. Defendants Rouse and Hill excepted and appealed.

*Whitaker and Jeffress and Marion A. Parrott for defendant appellants.*

*White & Aycock for defendant, appellee.*

PER CURIAM. The only question for determination is the method which the infant must use to obtain the desired relief. May he proceed by motion in the cause, or must he proceed by independent action?

Price's injuries were unknown to the court, and for that reason were not considered by it. It appears of record that notwithstanding the conflict of interest among the defendants, all were represented by the same attorney. The judgment was irregular. A motion in the cause was proper. *Menzel v. Menzel,* 250 N.C. 649, 110 S.E. 2d 333; *Hall v. Shippers Express,* 234 N.C. 38, 65 S.E. 2d 333.

Affirmed.