MARY LOU KERR v. MARY A. MOSLEY ET AL.

(Filed 23 March, 1910.)

**Judgments—Attorney and Client—Fraud—Questions for Jury.**

The plaintiff having been forced to pay a judgment obtained against her as surety on an administrator's bond, had the judgment assigned to her. The administrator was removed for wasting the deceased's assets, and plaintiff obtained judgment against the administrator d. b. n. and the distributees, to be paid out of the recovery had upon the first administrator's bond, as representing the entire assets of the estate. Fraud in obtaining this judgment was alleged on the ground that the plaintiff's attorney had generally represented the first administrator, and there was evidence that this attorney had notified this administrator when plaintiff's interests developed, that she was his daughter, and that he would represent her, and for him to get another attorney: *Held,* no error to defendant's prejudice in submitting the case to the jury upon the question of fraud, and the verdict in plaintiff's favor will not be disturbed.

APPEAL from *O. H. Allen, J.,* at August Term, 1909, of SAMPSON.

Civil action to recover on a judgment rendered in plaintiff's favor, at October Term, 1906, against W. A. Johnston, administrator of W. N. Peden.

On issue submitted, the jury rendered the following verdict:

"Was the judgment of October Term, 1906, in controversy, obtained by fraud and collusion? Answer: No."

Judgment on verdict for plaintiff, and defendants excepted and appealed.

*F. R. Cooper* and *J. D. Kerr* for plaintiff.
*Geo. E. Butler* and *Stevens, Beasley & Weeks* for defendant.

HOKE, J. There is no reversible error in the record. On the trial it was made to appear that one D. M. Patrick, guardian of three Barksdale children, had recovered judgment on one of the guardian bonds against plaintiff, as executor and sole legatee of Mary Johnston, deceased, who had been one of the sureties, in the sum of $985.66; that plaintiff had paid off the judgment and taken an assignment of same to herself as an individual, such assignment being duly entered and in writing. Thereafter, Mary Lou Kerr instituted a suit for contribution against W. A. Johnston, administrator of W. N. Peden, deceased, another surety, and received a judgment for one-half of the amount of the first-mentioned judgment. W. A. Johnson having wasted the assets of his intestate, W. N. Peden, in an

action instituted by the distributees of said intestate recovery was had on the administration bond of Johnston in the sum of $30,000, Johnston, administrator, having been first removed and W. W. Miller, one of defendants, duly appointed administrator *de bonis non* of W. N. Peden. Plaintiff instituted this action on the judgment recovered in her favor against the administrator *de bonis non* and the distributees of W. N. Peden, to obtain payment of same out of the recovery had on the bond of W. A. Johnston, and on averments that this judgment represented the entire assets of the estate, and the only available source from which satisfaction of her judgment could be secured.

Defendants answered, and the only material issue raised by their pleadings was on allegations of fraud in the procurement of plaintiff's judgment, and this chiefly on the ground that the counsel appearing for Mary Lou Kerr, the plaintiff, was also counsel for W. A. Johnston, as administrator of Peden and defendant.

The decisions of this State fully uphold the position of defendants, that a judgment in an adversary proceeding will not be allowed to stand when it appears that the same attorney represented both plaintiff and defendant in the action. *Molyneux v. Huey,* 81 N. C., 106; *Gooch v. Peebles,* 105 N. C., 411. But the principle does not necessarily obtain when it appears, as in this case, that the father of plaintiff had been the general attorney of Johnston, the administrator, and when it developed in the ordinary course of events that his daughter had a claim against the estate and that he notified the administrator that he intended to appear for her, and that he, the administrator, must get another attorney, and that this was done.

The father, John D. Kerr, speaking to this question, as a witness, testified, among other things, as follows:

"Before W. A. Johnston became administrator of Peden, he talked with me about it, and I advised him not to do it. When he administered I represented him here and Bellamy in Wilmington. I represented him until the Barksdale matter came up. I notified him I would not appear against my daughter. I notified him to get him another attorney in the suit with my daughter. There was no collusion; my daughter had none. He had full knowledge that I was going to sue for my daughter, and notified him to get other counsel. I notified him that I would represent her in the Barksdale matter and would not represent him. Mr. Butler represented them." And, further: "The matter was fully gone into by Judge Jones."

On this evidence, we think the ruling of the trial court was

as favorable as the defendants had right to ask, in charging the jury "that if John D. Kerr had been the attorney of W. A. Johnston, administrator of W. N. Peden, and took judgment in favor of Mary Lou Kerr against the estate, this was evidence of fraud and collusion to be considered by them in determining the issue submitted to them." The jury under a correct charge have accepted the plaintiff's version of the occurrence, and, this being true, the plaintiff has a clear right to recover on her judgment.

No error.