JAMES J. RIPPY v. OSCAR BLACKWELL

No. 8222SC517

(Filed 3 May 1983)

Negligence § 29.1— sufficient evidence of negligence

    In an action to recover for injuries received by plaintiff when defendant's dump truck fell while he was repairing it and cut off his finger, the evidence on motion for summary judgment presented an issue of fact as to defendant's negligence and did not establish contributory negligence as a matter of law where it would permit the jury to find that the truck was safely resting on blocks and plaintiff was working underneath the front of the truck; defendant jacked the truck up off the blocks and caused it to fall; plaintiff had warned defendant not to jack it up off the blocks again; defendant jacked the truck up at a time when he knew plaintiff's finger was in a position of danger; and while he was jacking the truck off the safety blocks, defendant tried to move the spring with a crowbar.

APPEAL by plaintiff from *Collier, Judge.* Judgment entered 21 January 1982 in Superior Court, DAVIE County. Heard in the Court of Appeals 11 April 1983.

Plaintiff brought this personal injury action against defendant alleging that his injury resulted from defendant's negligence. In his answer, defendant denied negligence and alleged that if he was negligent plaintiff was contributorily negligent. Defendant moved for summary judgment. The following evidence was introduced at the summary judgment hearing. On Saturday, 20 October 1979, defendant asked plaintiff, a diesel mechanic, to help him work on his dump truck. According to defendant's version of the accident, the repair required the replacement of pins through the left front of the truck. The truck was jacked up and was on blocks. It had been jacked up for two days. Defendant's deposition includes the following:

Q. In order to try to put this pin in what did you have to do with regard to jacking the truck?

A. Let's see—all I was doing—I was jacking it up—I had a crowbar pulled the spring down you know because it won't come exactly up and I was going to pull the spring down and when I was under there jacking it and getting it where I thought it ought to be, I told him to stick the pin in it and I guess he was up there taking his finger and running it around in that hole and that jack—see we didn't know the jack was not shut up. If I hadn't had more blocks underneath of it it would have fell on me.

Plaintiff's version of what happened is that they jacked the truck up on the day of the accident, and he put a prop under the truck and told defendant not to jack it up anymore. This had to be done several times because defendant would ignore plaintiff's request and would continue jacking the truck causing the prop to fall out. Eventually, the truck was jacked up with the prop in a satisfactory position. At the time of the accident, most of the bolts were already in place and everything was lined up, plaintiff only had to stick in a few more bolts and tighten them up. He turned around to pick up the remaining bolts, turned back, and he was putting in a bolt when the prop fell out from under the truck, the truck fell, and his finger was cut off. At that time, defendant was squatting in front of the truck, but plaintiff could not see what he was doing. Plaintiff said that defendant must have been doing something to the jack to cause the prop to fall out.

The trial judge granted defendant's motion for summary judgment.

*Martin and Van Hoy, by Henry P. Van Hoy II, for plaintiff appellant.*

*Kluttz, Hamlin, Reamer, Blankenship and Kluttz, by Richard R. Reamer, for defendant appellee.*

VAUGHN, Chief Judge.

The sole issue is whether the trial court erred in granting defendant's motion for summary judgment. Summary judgment may be rendered if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law."

G.S. 1A-1, Rule 56(c). The purpose of summary judgment is to bring the case to a decision on the merits without the expense of a trial when there are no material facts in issue. *Kessing v. National Mortgage Corporation,* 278 N.C. 523, 180 S.E. 2d 823 (1971). In a negligence case, summary judgment should not be rendered for the movant unless the evidence shows lack of negligence by the movant, there is no contradictory evidence, and there is no question as to the credibility of the witnesses. *Moore v. Fieldcrest Mills, Inc.,* 296 N.C. 467, 251 S.E. 2d 419 (1979).

There are clearly conflicts in the evidence. The case is, therefore, not one for summary judgment. There is evidence that would permit, but not compel, the jury to find that defendant, while the truck was safely resting on the blocks, jacked it up off the blocks and caused it to fall. Plaintiff had warned him not to jack it up off the blocks again. Defendant's own evidence tends to show that he jacked it up at a time when he knew plaintiff's finger was in a position of danger. There is also evidence that while he was jacking the truck off the safety blocks, he tried to move the spring with a crowbar. This evidence leaves issues of material fact as to defendant's negligence and does not show plaintiff's alleged contributory negligence as a matter of law. Summary judgment must, therefore, be

Reversed.

Judges HEDRICK and ARNOLD concur.