W. H. LOWDER, ON BEHALF OF HENRY C. DOBY, JR. AND JOHN BAHNER, CO-RECEIVERS OF ALL STAR INDUSTRIES, INC. v. HENRY C. DOBY, JR., JOHN BAHNER, MOORE & VAN ALLEN, A PARTNERSHIP, BROWN, BROWN AND BROWN, A PARTNERSHIP, JOHN P. ROGERS, COBLE, MORTON, GRIGG & ODOM, A PARTNERSHIP, MORTON & GRIGG, A PARTNERSHIP, CHARLES E. HERBERT, BILLINGS, BURNS & WELLS, A PARTNERSHIP, HENRY C. DOBY, JR. AND JOHN M. BAHNER, CO-RECEIVERS OF ALL STAR INDUSTRIES, INC.

No. 8320SC728

(Filed 15 May 1984)

**Receivers § 1.2— collateral attack on receivership**

>   An action by plaintiff alleging that the receivers, bankruptcy trustees and their attorneys negligently failed to file and prosecute an action to recover a debt due to the insolvent corporation constituted an improper collateral attack on the receivership court's jurisdiction.

APPEAL by plaintiff from *Preston, Judge.* Judgment entered 31 May 1983 in STANLY County Superior Court. Heard in the Court of Appeals 13 April 1984.

---

Lowder v. Doby

---

This is one of seven actions filed by W. H. (Horace) Lowder seeking to attack collaterally a receivership action involving seven interlocking family corporations including All Star Industries, Inc.

In this action plaintiff alleges that the receivers, bankruptcy trustees, and their attorneys negligently failed to file and prosecute an action to recover a debt due to Industries. A lawsuit to collect the debt had been filed and was pending as of the date the briefs were filed.

Upon motions of the defendants, Judge Preston entered an order dismissing plaintiff's action. From that order plaintiff appealed.

*DeLaney, Millette, DeArmon and McKnight, P.A., by Ernest S. DeLaney, for plaintiff.*

*Jones, Hewson & Woolard, by Harry C. Hewson, for defendants Henry C. Doby, Jr. and John Bahner.*

*Golding, Crews, Meekins, Gordon & Gray, by James P. Crews, for defendant Moore & Van Allen.*

*Bailey, Brackett & Brackett, by Martin L. Brackett, Jr., for defendant Brown, Brown, and Brown.*

*Hartsell, Hartsell & Mills, P.A., by W. Erwin Spainhour, for defendant John P. Rogers.*

*Wade and Carmichael, by R. C. Carmichael, Jr., for defendants Coble, Morton, Grigg & Odom and Morton & Grigg.*

*Nichols, Caffrey, Hill, Evans & Murrelle, by William L. Stocks and Everett B. Saslow, Jr., for defendant Charles E. Herbert.*

*Walker, Palmer & Miller, P.A., by James E. Walker, for defendant Billings, Burns & Wells.*

WELLS, Judge.

This is yet another in the series of vexatious collateral attacks on a corporate receivership. The factual background for this action is set forth in *Hudson v. All Star Mills, Inc.,* 68 N.C. App. 447, 315 S.E. 2d 514, *disc. rev. denied,* 311 N.C. 755, --- S.E. 2d

--- (1984). The sole question presented for review is whether the trial court erred in granting defendants' motions to dismiss under N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) of the Rules of Civil Procedure. It is apparent from the wording of the order of dismissal that the trial court considered the record of proceedings in *Lowder v. All Star Mills, Inc.*, No. 79CVS015, a civil action pending in the Stanly County Superior Court. Pursuant to the provision of Rule 12(b)(6), defendants' motions were thus converted to Rule 56 motions for summary judgment. *See Smith v. Insurance Co.*, 43 N.C. App. 269, 258 S.E. 2d 864 (1979) and cases and authorities cited therein. Accordingly, we treat the trial court's order as constituting entry of summary judgment for defendants.

All Star Industries, Inc. is currently involved in a receivership action in Stanly County Superior Court. This is an attempt by plaintiff to circumvent these proceedings. In *Hall v. Shippers Express*, 234 N.C. 38, 65 S.E. 2d 333, *pet. to reh. dismissed*, 234 N.C. 747, 66 S.E. 2d 640 (1951) our supreme court held that when a receivership court has jurisdiction over a matter the only remedy is through the receivership proceedings. In *Hall* the court, in addressing an attack on a receivership by creditors, said: "[T]he court being one of competent jurisdiction in receivership proceedings, and having acquired jurisdiction of the parties and the subject matter in controversy, it may not be interfered with by any other court of co-ordinate authority."

Plaintiff's suit alleging a failure to collect properly the funds owed to All Star Industries, Inc., is clearly a collateral attack on the receivership court's jurisdiction; therefore, it is not proper and the trial court correctly dismissed the action.

Even if plaintiff could have properly filed the action, the pleadings reveal two further bars to recovery. First, plaintiff is attempting to sue the federal bankruptcy trustees and their attorneys in state court. This they could not do. Secondly, plaintiff is attempting to bring an action for failure to prosecute an action to recover the debt when the public record clearly shows that an action to collect the alleged debt is now pending.

Having determined that this action is an impermissible attack on the receivership court's jurisdiction, we, therefore, hold that the trial court's judgment must be and hereby is affirmed.

Affirmed.

Judges BECTON and JOHNSON concur.