W. H. LOWDER, ON BEHALF OF HENRY C. DOBY, JR. AND JOHN M. BAHNER, JR., CO-RECEIVERS OF ALL STAR INDUSTRIES, INC. v. HENRY C. DOBY, JR., JOHN M. BAHNER, MOORE & VAN ALLEN, A PARTNERSHIP, BROWN, BROWN & BROWN, A PARTNERSHIP, JOHN P. ROGERS, COBLE, MORTON & GRIGG, A PARTNERSHIP, CHARLES E. HERBERT, BILLINGS, BURNS & WELLS, A PARTNERSHIP; HENRY C. DOBY, JR. AND JOHN M. BAHNER, CO-RECEIVERS OF ALL STAR INDUSTRIES, INC.

LOIS L. HUDSON, JOE HUDSON, JENNELL H. RATTERREE, ELLEN HUDSON, BRUCE HUDSON, DAVID P. LOWDER, W. H. LOWDER, J. R. LOWDER, CYNTHIA L. PECK, MICHAEL LOWDER AND DOUGLAS LOWDER, ON BEHALF OF ALL STAR MILLS, INC. v. ALL STAR MILLS, INC., MALCOLM M. LOWDER, PATTY S. LOWDER, HENRY C. DOBY, JR., JOHN M. BAHNER, JOHN P. ROGERS, ERNEST H. MORTON, JR., CHARLES E. HERBERT, DONALD R. BILLINGS, MOORE & VAN ALLEN, A PARTNERSHIP, BROWN, BROWN & BROWN, A PARTNERSHIP

W. H. LOWDER, ON BEHALF OF ALL STAR FOODS, INC. v. ALL STAR FOODS, INC., MALCOLM M. LOWDER, PATTY S. LOWDER, HENRY C. DOBY, JR., JOHN M. BAHNER, JOHN P. ROGERS, ERNEST H. MORTON, JR., CHARLES E. HERBERT, DONALD R. BILLINGS, MOORE & VAN ALLEN, A PARTNERSHIP, BROWN, BROWN & BROWN, A PARTNERSHIP

DAVID P. LOWDER, L. L. HUDSON, W. H. LOWDER, J. L. HARRELL, M. E. LOWDER, E. L. CORNELIUS, ON BEHALF OF LOWDER FARMS, INC. v. LOWDER FARMS, INC., MALCOLM M. LOWDER, ET AL.

J. R. LOWDER AND W. H. LOWDER, ON BEHALF OF ALL STAR HATCHERIES, INC. v. ALL STAR HATCHERIES, INC., ET AL.

No. 8520SC588

(Filed 4 March 1986)

1. **Attorneys at Law § 7; Corporations § 6— derivative actions dismissed—attorney fees awarded defendants—no error**

The trial court did not err by awarding defendants attorney fees in shareholder derivative actions where there was a final judgment on the merits in that the court in effect granted a summary judgment for defendants and where plaintiffs' actions were brought without reasonable cause in that both the United States Bankruptcy Court and the state receivership court had previously dealt with the merits of plaintiffs' allegations and the record was devoid of evidence supporting any reasonable belief that there was a sound chance that plaintiffs' claims might be sustained. N.C.G.S. 55-55(e), N.C.G.S. 1A-1, Rule 12(b)(6).

**2. Attorneys at Law § 7— derivative action dismissed—defendants awarded attorney fees—amounts proper**

      The trial court did not err in the amount or the apportionment of the attorney fees awarded defendants after dismissing plaintiffs' five shareholder derivative actions where commercially sophisticated individuals were dealing at arm's length; most of the bills submitted had already been paid by defendants; the court's orders contained findings that precise time records had been kept; the aggregate fees awarded were substantially similar; the findings of reasonableness were supported by competent evidence contained in the record; plaintiffs offered no basis for their conclusory assertion that the fees awarded were not reasonable; the five lawsuits involved substantial overlapping contentions of law and fact; four of the lawsuits were virtually identical and were linked together for purposes of appeal; the legal principles applicable at the trial court and appellate levels were substantially the same; the underlying factual background was substantially the same; most of the hearings at the trial court level occurred contemporaneously; the motions made and the orders entered generally were identical or consolidated; and it was difficult to attribute particular tasks to a particular matter with complete precision.

APPEAL by plaintiffs from *Albright, Judge.* Orders entered 31 January 1985 in Superior Court, STANLY County. Heard in the Court of Appeals 2 December 1985.

Plaintiffs appeal from orders requiring them to pay defendants reasonable attorneys fees and expenses in five shareholders' derivative actions brought by W. H. (Horace) Lowder and other members of the Lowder family pursuant to G.S. 55-55. The five suits were brought on behalf of five family owned corporations that collectively constituted a single integrated business enterprise.

## Background

The business enterprise was run exclusively by Horace Lowder from about 1960 until February, 1979. In January, 1979 a shareholder derivative suit was instituted in Stanly County by Malcolm M. Lowder and his two sons as shareholders of All Star Mills, Inc. (Mills), Lowder Farms, Inc. (Farms), Consolidated Industries, Inc. and beneficial shareholders of All Star Foods, Inc. (Foods). Also named as defendants were All Star Industries, Inc. (Industries), All Star Hatcheries, Inc. (Hatcheries), and Airglide, Inc. The plaintiffs sought damages and other relief on the grounds that Horace Lowder had engaged in unlawful conduct and willfully abused his authority and discretion as chief executive officer and director of the corporations, violating his

obligations to the corporations and their shareholders. Plaintiffs specifically requested that a receiver be appointed. For additional factual background see *Lowder v. Mills, Inc.*, 301 N.C. 561, 273 S.E. 2d 247 (1981).

On 9 February 1979 the Honorable Thomas W. Seay, Jr. entered a receivership order and appointed Henry C. Doby, Jr. and John M. Bahner as receivers over all the corporate defendants. The receivership court retained jurisdiction until April 1979 when the corporate defendants, through Horace Lowder, filed for protection under Chapter XI of the United States Bankruptcy Act in the United States Bankruptcy Court for the Middle District of North Carolina. On 26 June 1979 Judge Seay entered an order retaining jurisdiction of all matters pending in the receivership action. The Chapter XI proceeding was converted to a Chapter X reorganization in July, 1979. On 28 February 1980 the Chapter X reorganization was dismissed and the corporations were returned to the state court receivers and the receivership court's jurisdiction.

The receivership action is still pending in Stanly County Superior Court. The receivership action has generated seven years of litigation and created a factual and procedural history that is voluminous and complex. Details not relevant to the issues on appeal in the instant case are not included here but may be found in the following opinions by this Court and our Supreme Court: *Lowder v. Mills, Inc., supra; Lowder v. Mills, Inc.,* 60 N.C. App. 275, 300 S.E. 2d 230 (1983); *Lowder v. All Star Mills,* 309 N.C. 695, 309 S.E. 2d 193 (1983); and *Lowder v. All Star Mills, Inc.,* 75 N.C. App. 233, 330 S.E. 2d 649 (1985).

## The Parties

The plaintiffs in these five derivative actions include Horace Lowder and other Lowder family members who are all stockholders in the various receivership corporations. Defendants Henry C. Doby, Jr. and John M. Bahner are the co-receivers appointed in 1979 by Judge Seay. However, in each of the five derivative suits they are sued as individuals and not in their official capacities. Defendant John P. Rogers served as trustee in the Chapter X reorganization from 13 July 1979 until 31 August 1979 at which time he resigned. Defendant Charles E. Herbert served as successor trustee under the Chapter X reorganization from 31 August

1979 until the Chapter X proceeding was dismissed. Both defend-
ants Rogers and Herbert are also sued as individuals and not in
their official capacities.

Defendant Ernest H. Morton, Jr. served as attorney for John
P. Rogers, trustee. Mr. Morton is a partner in the law firm of Co-
ble, Morton, Grigg and Odom (formerly Morton & Grigg) which is
also named as a defendant in one of the five derivative suits.
Defendant Donald R. Billings served as attorney for Charles E.
Herbert, trustee. Mr. Billings is a partner in the law firm of Bil-
lings, Burns & Wells which is also named as defendant in one of
the five derivative suits. Defendants Moore and Van Allen (now
Moore, Van Allen, Allen & Thigpen) and Brown, Brown & Brown
are partnerships engaged in the practice of law who were em-
ployed as attorneys for the co-receivers Doby and Bahner on 14
February 1979. They continue at the present time to serve in that
capacity. Malcolm M. and Patty S. Lowder, husband and wife, are
named defendants in four of the five derivative actions.

### The Complaints

Plaintiffs filed five separate actions beginning on 8 May 1981.
In the first action (81CVS438), brought on behalf of Industries, the
complaint alleged that Industries was a creditor of Norman R.
Lowder Poultry Farms, Inc. in the amount of $475,000 plus in-
terest. The debt was evidenced by nineteen promissory notes in
the face amount of $25,000 each, signed by Poultry Farms and
Norman R. Lowder. The complaint further alleged that certain
real estate and personal property belonging to Poultry Farms had
been transferred to Norman Lowder or his two sons individually
or as partners in Dogwood Farms for little or no consideration
constituting a fraud on the creditors of Poultry Farms.

As to the defendants, the complaint alleged that they failed
to bring suit on the notes promptly enough, thereby risking being
barred by the statute of limitations; failed to plead a claim for
fraudulent conveyance; improperly admitted certain allegations
made by Poultry Farms in its counterclaim; failed to file notice of
lis pendens; and generally failed to prosecute the suit with suffi-
cient vigor.

The remaining four derivative actions are brought on behalf
of Mills (81CVS512), Foods (81CVS655), Farms (82CVS166) and

Hatcheries (82CVS167). The complaints' allegations are virtually identical. The first cause of action in each complaint alleges that all the defendants engaged in a conspiracy beginning with the filing of the lawsuit in 1979 against Horace Lowder and the family owned corporations. The allegations basically attack the receivership action and allege that the defendants used their positions in the receivership action to destroy the various corporations in order to coerce other shareholders into paying Malcolm Lowder an inflated price for his stock.

The complaints allege that the defendants Moore and Van Allen and Brown, Brown & Brown improperly disclosed confidential information; and that all the defendants excluded Horace Lowder from participating further in the management of the corporations; operated the corporations for their own personal benefit; created large and unnecessary attorney fees, accounting fees and other unnecessary expenses; failed to collect rents due and made loans without interest which dissipated the corporations' assets; opposed efforts to settle an IRS claim; and filed for reorganization under Chapter X when the reorganization was not needed.

The second, third and fourth causes of action in each complaint allege that the co-receivers Doby and Bahner (individually) and the trustees Rogers and Herbert (individually) did one or more of the following: (1) negligently failed to take inventories; (2) failed to collect money due as interest on loans; (3) failed to collect rents; (4) made loans to other corporations without security or interest; (5) allowed the physical assets to deteriorate; (6) hired incompetent personnel; and (7) negligently handled an IRS claim against the Mills and Hatcheries corporations.

None of the defendants filed answers and all filed motions to dismiss the five complaints. By orders entered 13 May 1983 the Honorable Edwin S. Preston, Jr., judge presiding in the Superior Court, Stanly County, allowed defendants' motions in *Lowder v. Doby*, 81CVS438, and *Hudson v. All Star Mills, Inc.*, 81CVS512. The plaintiffs appealed the dismissals to this court. The motions to dismiss the remaining three complaints were held in abeyance pending the outcome of the appeals. In *Hudson v. All Star Mills*, 68 N.C. App. 447, 315 S.E. 2d 514 (1984), and *Lowder v. Doby*, 68 N.C. App. 491, 315 S.E. 2d 517 (1984) this court affirmed Judge

Preston's dismissals. Plaintiffs' petitions for discretionary review to the Supreme Court were denied, *Hudson v. All Star Mills*, 311 N.C. 755, 321 S.E. 2d 134 (1984) and *Lowder v. Doby*, 311 N.C. 759, 321 S.E. 2d 138 (1984). Subsequently, on 31 January 1985 the Honorable W. Douglas Albright entered orders dismissing the remaining three complaints in *Lowder v. All Star Foods, Inc.* (81CVS655), *Lowder v. Lowder Farms, Inc.* (82CVS166) and *Lowder v. All Star Hatcheries, Inc.* (82CVS167).

At a hearing before Judge Albright on 28 January 1985, each defendant moved for attorneys fees pursuant to G.S. 55-55(e). The motions were allowed and on 31 January 1985 Judge Albright entered 39 separate orders awarding reasonable attorneys fees and expenses to each of the defendants in the five derivative actions. As to some of the defendants, Judge Albright apportioned their fees among the five cases.

From the final orders awarding defendants' attorneys fees and expenses, plaintiffs appeal.

*Boyce, Mitchell, Burns & Smith, by Lacy M. Presnell, III, and Susan K. Burkhart for the plaintiffs.*

*Moore, Van Allen, Allen & Thigpen, by Randel E. Phillips for defendants Malcolm M. Lowder and Patty S. Lowder.*

*Golding, Crews, Meekins, Gordon & Gray, by James P. Crews for defendant Moore & Van Allen.*

*Jones, Hewson & Woolard, by Harry C. Hewson for defendants Henry C. Doby, Jr. and John M. Bahner.*

*Brackett and Sitton, by William L. Sitton, Jr. for defendant Brown, Brown and Brown.*

*Hartsell, Hartsell & Mills, by Elizabeth C. Richardson and W. Erwin Spainhour for defendant John P. Rogers.*

*Wade and Carmichael, by R. C. Carmichael, Jr. for defendants Coble, Morton, Grigg & Odom; Morton & Grigg and Ernest H. Morton, Jr.*

*Nichols, Caffrey, Hill, Evans & Murrelle, by Everett B. Saslow, Jr. for defendant Charles E. Herbert.*

*Walker, Palmer & Miller, by James E. Walker for defendants Billings, Burns and Wells and Donald R. Billings.*

EAGLES, Judge.

This appeal essentially involves two issues. First, did the trial court err in charging plaintiffs with defendants' attorneys fees under G.S. 55-55(e)? Second, even if attorney fees may be charged against plaintiffs here under G.S. 55-55(e), did the trial court err by setting attorney fees in unreasonable amounts and in apportioning some of the defendants' attorneys fees among the five actions? For the reasons stated, we affirm the trial court.

I

G.S. 55-55 sets forth two distinct standards for awarding attorney fees to successful litigants and taxing unsuccessful litigants with their opponent's attorney fees. Under G.S. 55-55(d) the court may award attorneys fees to a successful litigant who obtains a compromise and settlement or judgment. Under G.S. 55-55(e) the court may assess attorneys fees against an unsuccessful litigant in certain cases. G.S. 55-55(e) states:

> In any such action the court, upon final judgment and a finding that the action was brought without reasonable cause, may require the plaintiff or plaintiffs to pay to the defendant or defendants the reasonable expenses, including attorneys' fees, incurred by them in the defense of the action.

[1] As to the first issue plaintiffs contend that the trial court erred in two respects: (1) by taxing plaintiffs with attorneys fees under circumstances where there had been no adjudication on the merits and (2) in finding that each action was brought "without reasonable cause" where there was insufficient evidence to support that finding. We disagree with plaintiffs' contentions and hold that the trial court properly awarded attorneys fees pursuant to G.S. 55-55(e).

The award of reasonable attorneys fees under subsection (e) is clearly permissive and within the trial judge's discretion, Robinson, North Carolina Corporation Law and Practice Section 14-14 (3d ed. 1983), subject, however, to two requirements: (1) entry of a final judgment and (2) a finding that the action was brought "without reasonable cause." G.S. 55-55(e). In the instant case the trial judge's dismissal of plaintiffs' complaints constituted a final judgment on the merits. He dismissed the complaints on defendants' motions made pursuant to G.S. 1A-1, Rule 12(b)(6) of the

Lowder v. Doby

Rules of Civil Procedure. However, in so doing, he considered matters that were outside the pleadings. Plaintiffs appealed the dismissals to this court. In *Hudson v. All Star Mills*, 68 N.C. App. 447, 315 S.E. 2d 514, *cert. denied*, 311 N.C. 755, 321 S.E. 2d 134 (1984) and *Lowder v. Doby*, 68 N.C. App. 491, 315 S.E. 2d 517, *cert. denied*, 311 N.C. 759, 321 S.E. 2d 138 (1984) we treated the trial court's orders as constituting entry of summary judgment. The purpose of summary judgment is to bring the case to a decision on the merits without the expense of trial where only questions of law are involved and a fatal weakness in a party's claim or defense is exposed. *Foster v. Winston-Salem Joint Venture*, 303 N.C. 636, 281 S.E. 2d 36 (1981); *Rippy v. Blackwell*, 62 N.C. App. 135, 302 S.E. 2d 14 (1983). The grant of summary judgment operates as a final judgment on the merits, *Stanback v. Stanback*, 297 N.C. 181, 254 S.E. 2d 611 (1979), and plaintiffs' argument to the contrary is without merit.

The record on appeal in the instant case contains 39 separate orders in which Judge Albright, exercising his discretion under G.S. 55-55(e), awarded to defendants their expenses and attorneys fees incurred in defense of these actions at the trial court and appellate levels. Plaintiffs contend that Judge Albright's actions constitute an abuse of discretion. A trial judge may be reversed for abuse of discretion only when "the challenged actions are manifestly unsupported by reason." *Clark v. Clark*, 301 N.C. 123, 129, 271 S.E. 2d 58, 63 (1980). In each of the 39 orders Judge Albright found that the five actions constituted "an attempt to circumvent a receivership action, *Lowder v. All Star Mills, Inc.*, 79CVS015, pending in [Stanly County Superior] Court; an impermissible collateral attack on the receivership court's jurisdiction; and one of a series of vexatious collateral attacks on a corporate receivership." Further, Judge Albright found that the actions were "brought without reasonable cause." We have reviewed the record on appeal and find no abuse of discretion on the part of Judge Albright; his findings are manifestly supported by reason and the law.

In *Lowder v. Doby*, 68 N.C. App. 491, 315 S.E. 2d 517, *cert. denied*, 311 N.C. 759, 321 S.E. 2d 138 (1984) we held that the first action, 81CVS438, filed by Horace Lowder on behalf of All Star Industries, Inc., constituted "an impermissible attack on the receivership court's jurisdiction." *Id.* at 493, 315 S.E. 2d at 519. We

described plaintiff's conduct in bringing that action as "vexatious." *Id.* at 492, 315 S.E. 2d at 518. As to the specific allegations contained in the complaint we held:

> Plaintiff's suit alleging a failure to collect properly the funds owed to All Star Industries, Inc., is clearly a collateral attack on the receivership court's jurisdiction; therefore, it is not proper and the trial court correctly dismissed the action.
>
> Even if plaintiff could have properly filed the action, the pleadings reveal two further bars to recovery. First, plaintiff is attempting to sue the federal bankruptcy trustees and their attorneys in state court. This they could not do. Secondly, plaintiff is attempting to bring an action for failure to prosecute an action to recover the debt when the public record clearly shows that an action to collect the alleged debt is now pending.
>
> Having determined that this action is an impermissible attack on the receivership court's jurisdiction, we, therefore, hold that the trial court's judgment must be and hereby is affirmed.

*Id.* at 493, 315 S.E. 2d at 519.

In *Hudson v. All Star Mills*, 68 N.C. App. 447, 315 S.E. 2d 514, *cert. denied*, 311 N.C. 755, 321 S.E. 2d 134 (1984) we held that the allegations of plaintiffs' second complaint, 81CVS512, "reflect attempts to circumvent the pending receivership action through collateral attacks. Attacks on the validity of receiverships by collateral actions are not permissible under North Carolina law." *Id.* at 451, 315 S.E. 2d at 516. The allegations in this second complaint are virtually identical to the allegations in the remaining three complaints brought on behalf of All Star Foods, Lowder Farms and All Star Hatcheries. As to the specific allegations in the complaint, we held that:

> First, plaintiffs contend that the Brown firm obtained confidential information from Horace and communicated it to Malcolm and Peggy Lowder and Moore and Van Allen. This matter was previously at issue in the receivership action and is therefore not subject to collateral attack. [*See Lowder v. Mills, Inc.*, 60 N.C. App. 275, 300 S.E. 2d 230, *aff'd in part and reversed in part*, 309 N.C. 695, 309 S.E. 2d 193 (1983).] Next,

plaintiffs attempt to attack the appointment of the receivers because Horace was not represented by counsel. Under the rule established in *Hall v. Shippers Express, supra,* this is clearly not permitted.

Plaintiffs further complain about the receivers having enjoined Horace from participating in the business and about their alleged attempts to create unnecessary attorney and accounting fees. These matters are clearly within the purview of the receivership action and cannot be collaterally attacked. Plaintiffs further object to the tax settlement entered into by the receivers and contend the receivers have otherwise mismanaged the subject companies. Here again, the tax matters were at issue in [*Lowder, supra*], and the other issues are clearly ancillary to the receivership proceeding and must be raised there.

Finally, plaintiffs attempt to attack the receivers' and bankruptcy trustees' actions relating to the bankruptcy proceeding. Again, these actions may be properly addressed only in the receivership and bankruptcy proceeding.

Having determined that all plaintiffs' allegations are properly subject to the jurisdiction of the receivership action over which Judge Seay retained jurisdiction, we, therefore, hold that the trial court properly entered summary judgment for defendants.

*Id.* at 451-52, 315 S.E. 2d at 517.

Despite our decisions in *Hudson, supra,* and *Lowder v. Doby, supra,* plaintiffs argue that the actions were not "brought without reasonable cause." In their argument plaintiffs analogize the "without reasonable cause" standard to the "lack of probable cause" standard in malicious prosecution actions and rely on the Restatement (Second) of Torts Section 675, comment f (1977) which states in part:

If the legal validity of a claim is uncertain, the person who initiates the civil proceeding may believe that his claim is meritorious, but he can have no more than an opinion that the chances are good that the court might decide to uphold it. The question is not whether he is correct in believing that the court would sustain the claim, but whether his opinion

that there was a sound chance that the claim might be sustained was a reasonable one.

Plaintiffs contend that G.S. 55-55(e) does not require that plaintiffs instituting shareholder derivative actions possess absolute certainty of the legal validity of their claims but that they need only have a "reasonable belief" that there is a "sound chance" that their claims may be sustained. Our research reveals no North Carolina cases that define or explain the "brought without reasonable cause" standard of G.S. 55-55(e). There are five other jurisdictions which have shareholder derivative statutes with language substantially similar to our G.S. 55-55(e). Ariz. Rev. Stat. Ann. Section 10-049(B); Ga. Code Ann. Section 14-2-123(f); N.D. Cent. Code Section 10-19.1-86(1); Tex. Bus. Corp. Act Ann. art. 5.14(F); and Wash. Rev. Code Ann. Section 23A.08.460. However, we find no appellate court decisions from these jurisdictions that define or explain the standard "brought without reasonable cause." Assuming *arguendo* that plaintiffs are correct that they need have only a reasonable belief that there is a sound chance that their claims may be sustained, we find, nevertheless, that plaintiffs' actions were brought without reasonable cause. Based on the record before us, it is clear that both the United States Bankruptcy Court and our state receivership court had previously, either in the Chapter X reorganization proceeding or the receivership proceeding, dealt with the merits of the allegations made by the plaintiffs in their five complaints. The record reveals that: the bankruptcy court considered the merits regarding transfer from one corporation to another, farm operations, alleged attorneys' conflict of interest, tax claims and inventories; the state receivership court made decisions on the merits regarding alleged improper communication of confidential information, tax settlement matters, Horace Lowder's exclusion from management, attorneys' fees, receivers' fees, proceedings in bankruptcy court and various management decisions. The record is devoid of evidence that supports any reasonable belief that there was a sound chance that plaintiffs' claims in this litigation might be sustained.

Plaintiffs also argue that their choice of forum, i.e. a court of concurrent jurisdiction, was "reasonable" in light of the "unsettled state of the law" prior to our decisions in *Hudson, supra* and *Lowder v. Doby, supra.* This argument is without merit. In both *Hudson, supra,* and *Lowder v. Doby, supra,* we relied on *Hall v.*

*Shippers Express*, 234 N.C. 38, 65 S.E. 2d 333, *petition for reh'g dismissed*, 234 N.C. 747, 66 S.E. 2d 640 (1951), and held that "where a receivership court has jurisdiction over a matter the only remedy is through the receivership proceeding." *Hudson, supra* at 451, 315 S.E. 2d at 517. *Lowder v. Doby, supra* at 493, 315 S.E. 2d at 518. Our holdings were simply a restatement of the rules set out in *Hall.*

In *Hall, supra,* the plaintiff instituted an action in the Superior Court of Mecklenburg County seeking, among other things, to have a pending receivership proceeding in Superior Court of Mecklenburg County declared null and void. The plaintiff alleged that the pending receivership proceeding was fraudulent and void, instituted for the purpose of defrauding creditors of the defendant corporation. Our Supreme Court held:

> The proceeding in the Superior Court of Mecklenburg County appears to be regular on its face, and the court being one of competent jurisdiction in receivership proceedings, and having acquired jurisdiction of the parties and the subject matter in controversy, it may not be interfered with by any other court of co-ordinate authority. 14 Am. Jur., Courts, Sec. 243, p. 435 *et seq.* "That court which first takes cognizance of the controversy is entitled to retain jurisdiction until the end of the litigation, to the exclusion of all interference by other courts of concurrent jurisdiction," Gluck & Becker on Rec., Sec. 430, and quoted with approval by *Clark, J.* (later *Chief Justice*) in the case of *Worth v. Bank,* 121 N.C. 343, 28 S.E. 2d 488.

> \* \* \*

> The appointment of a Receiver under a consent decree does not render his authority subject to collateral attack. 45 Am. Jur., Receivers, Sec. 117, p. 99.

> In the case of *Rousseau v. Call,* 169 N.C. 173, 85 S.E. 414, where the Receiver instituted an action and the legality of his appointment was challenged, *Hoke, J.,* in speaking for the Court, said: "The court, in the exercise of its jurisdiction, having entered judgment appointing plaintiff receiver, its judgment is not open to collateral attack, and, even if the order was improvidently made, its propriety is not open to question in this suit."

Where there is just ground for it, a Receiver can always be removed upon application to the proper judge. *Mitchell v. Realty Co.*, 169 N.C. 516, 86 S.E. 358; *Fisher v. Trust Co.*, 138 N.C. 90, 50 S.E. 592.

This Court, in *Surety Corp. v. Sharpe*, 232 N.C. 98, 59 S.E. 2d 593, speaking through *Ervin, J.*, said: "The law contemplates the settlement of all claims against the insolvent debtor in the original action in which the receiver is appointed, except in the infrequent instances where the appointing court, for good cause shown, grants leave to a claimant to bring an independent action against the receiver," citing *Black v. Power Co.*, 158 N.C. 468, 74 S.E. 468.

*Hall, supra*, at 40-41, 65 S.E. 2d at 335-36. The principles established in *Hall* were known or reasonably should have been known to plaintiffs when they instituted these collateral attacks on the pending receivership proceeding. The record reveals that the only reason given by plaintiffs for filing these five actions was to avoid the statute of limitations defense. That reason does not provide reasonable cause for bringing these impermissible, "vexatious," collateral attacks.

The findings by the trial court in awarding defendants' attorney fees are supported by competent evidence which reveals that the actions were "vexatious" and "brought without reasonable cause." The trial judge did not abuse his discretion in awarding defendants' attorneys fees because his actions are manifestly supported by reason and the law.

## II

[2] Having determined that the trial court did not err in awarding defendants' attorneys fees and expenses under G.S. 55-55(e), we now address plaintiffs' second argument that the amounts awarded were not reasonable and that the trial court erred in apportioning some of the fees. G.S. 55-55(e) allows the trial court, in its discretion, to charge plaintiffs with defendants' *reasonable* expenses, including attorneys fees, incurred in defense of the actions. Plaintiffs argue that the orders allowing attorneys fees "contain scant findings of fact on the 'reasonableness' of the fees, and little or no evidence appears in the record to support the findings," and that the "trial court abused its discretion in enter-

ing orders not supported by sufficient evidence." We have carefully reviewed the record in light of plaintiffs' arguments and disagree.

The evidence in the record, which includes motions, affidavits and the billing records of some of the attorneys, supports the trial court's findings that the fees and expense incurred were reasonable. Altogether, in these five actions, there are twelve individual defendants each represented by counsel. The attorneys for defendants Donald R. Billings, Billings, Burns and Wells, Henry C. Doby, Jr. and John M. Bahner submitted precise, detailed, itemized time and expense statements which are made part of the record on appeal. These statements support the trial court's findings that the fees and expenses incurred by these defendants were reasonable.

The record reveals that the attorneys for defendants Coble, Morton, Grigg & Odom (formerly Coble, Morton & Grigg) and Ernest H. Morton, Jr. maintained separate files for each of the five actions and submitted to their clients detailed, itemized statements of the time expended and expenses incurred in representing these defendants. The affidavit reveals that counsel for the defendants submitted interim statements with all time and expenses charged together and that most of the interim statements had been paid by the defendants. However, because the attorneys kept separate files in each action, the fees were not apportioned. While copies of the interim statements submitted by these attorneys are not contained in the record on appeal, the evidence in the record, nevertheless, supports the trial court's findings that the fees and expenses incurred by these defendants were reasonable.

As to defendant Brown, Brown & Brown, Judge Albright entered five separate orders allowing defendant's attorneys fees. Each order contains a finding by Judge Albright that:

> [T]he defendant, Brown, Brown & Brown, a partnership, has incurred substantial legal expenses in defending against plaintiffs' collateral attack including investigating and conferring with the client; correspondence and conferences with other attorneys of record; preparation of responsive motions; preparations of briefs and appearances in court; arguments of motions; preparation and briefing of the case on appeal; that

these services have been performed by defendant's counsel at the hourly rate of $60.00 which is a reasonable hourly rate.

The fees in the five cases were not apportioned. There are no itemized statements in the record detailing the exact services performed by the attorneys for defendant Brown, Brown & Brown; however, the record contains an affidavit by counsel which: explains the services rendered, gives the total number of hours expended and the customary, usual rate charged per hour and separately itemizes the fees and expenses incurred by the defendant in each of the five actions. This evidence supports the trial court's findings that the fees and expenses incurred by this defendant were reasonable.

The evidence in the record reveals that counsel for defendant Charles E. Herbert submitted periodic statements to the defendant for all five actions without breaking the statement down into subparts. The record further shows that the amounts incurred and billed had been paid by the defendant. The trial court in finding that the amounts billed and paid were reasonable considered: the complexity of the facts; the legal issues involved; the work required and completed at the trial court level; the extent of the pleadings at the appellate level; the briefs filed; the aggregate fees sought by the other defendants; the type of proceedings involved; and the amounts actually paid by the defendant. These factors were properly considered by the trial court and support the court's findings that the fees and expenses were reasonable.

As to defendants Moore, Van Allen, Allen & Thigpen (formerly Moore and Van Allen), John P. Rogers, Malcolm M. Lowder and Patty S. Lowder, the trial court found that their attorneys maintained precise records of the time expended and expenses incurred and apportioned the total amounts among the five cases. While the record does not contain copies of these precise records, the verified motions submitted by counsel support findings that the fees and expenses were reasonable.

We note that the better practice is to include in the record on appeal copies of any records kept by counsel indicating the time expended and the expenses incurred or otherwise detailing the services rendered. Here, however, where commercially sophisticated individuals are dealing at arm's length, most of the bills submitted having already been paid by the defendants, and where

the trial court's orders contain findings that precise time records had been kept by counsel; the trial court's orders will be sustained on appeal, in the absence of collusion between the defendants and their attorneys. We have compared the aggregate fees awarded and find that they are substantially similar. Further, plaintiffs have offered no basis for their conclusory assertion that the fees awarded are not reasonable. Here, the findings of reasonableness are supported by competent evidence contained in the record.

Plaintiffs also argue that the fees which were apportioned should not have been. Given the circumstances, the apportionment of fees in these cases was reasonable. The record shows that the five lawsuits involved substantially overlapping contentions of law and fact; four of the lawsuits were virtually identical and were linked together for purposes of appeal; the legal principles applicable at the trial court and appellate levels were substantially the same; the underlying factual background from the receivership and bankruptcy proceedings were substantially the same; most of the hearings at the trial court level occurred contemporaneously; the motions made and the orders entered generally were identical or consolidated; and that while precise records were kept as to the actual time and expenses incurred, it was difficult to attribute particular tasks to a particular matter with complete precision. The difficulty encountered is the result of plaintiffs' decision to file four virtually identical lawsuits. Plaintiffs created the situation and cannot now complain that the fees and expenses apportioned by the court to each of these nominally separate proceedings are not calculated with precision.

Accordingly, the orders entered by Judge Albright pursuant to G.S. 55-55(e) are

Affirmed.

Chief Judge HEDRICK and Judge MARTIN concur.