NO. COA13-270

NORTH CAROLINA COURT OF APPEALS

Filed: 21 January 2014

THOMAS G. McMILLAN, JR., et als.,
     Plaintiffs,

     v.                              Guilford County
                                     No. 10 CVS 7595
RYAN JACKSON PROPERTIES, LLC, et
als.,
     Defendants.


     Appeal by plaintiffs from order entered 17 September 2012 by

Judge Edgar B. Gregory in Guilford County Superior Court.  Heard

in the Court of Appeals 9 October 2013.


        *Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P., by
        Joseph A. Ponzi and Darrell A. Fruth, for plaintiffs-
        appellants.*

        *Hicks McDonald Noecker LLP, by David W. McDonald, for
        defendant-appellee Collins & Galyon General Contractors, Inc.*


        HUNTER, Robert C., Judge.


        Thomas   G.   McMillan,   Jr.   and   Shawn   De'Lace   Hendrix

("plaintiffs")  appeal  the  order  awarding  defendant  Collins  &

Galyon  General  Contractors,  Inc.  ("C&G")  attorneys'  fees.   On

appeal, plaintiffs argue: (1) the trial court erred by concluding

that the action was brought without reasonable cause; and (2) the

trial court abused its discretion by awarding attorneys' fees.

After careful review, we affirm the trial court's conclusion that the derivative action was brought without reasonable cause, but remand for redetermination as to how much of the attorneys' fees were incurred in defense of the derivative action.

## Background

Ryan Jackson Properties, LLC ("Ryan Jackson") purchased an office building at 220 West Market Street in Greensboro, North Carolina with the plan of converting it into a residential condominium complex. It contracted for the services of C&G, with the contract specifying that C&G was to be "responsible for causing all the Work to be performed as required by the Contract Documents for the Construction of ALTERATIONS TO 220 WEST MARKET STREET." C&G acquired two permits from the city to perform the renovations. The first permit stated that the work was for "Int./Ext. Alterations" and approximated the total cost of this project to be $1,488,100.00. C&G was the sole contractor named in the permit. The second permit stated that the work to be done was "Demolition – Renovation" and the total cost of the project was to be $5,000.00. Again, C&G was the only contractor named.

Each plaintiff purchased one unit in the newly renovated condominium complex in the summer of 2007. Both units were located in the former basement of the building, and both flooded in late

July or early August of that same year.  Plaintiffs had to move out of their units as a result of the flooding.

Plaintiffs first filed suit against Ryan Jackson and 220 West Market Street Condominium Association, Inc. ("the Condo Association") in March 2009, pursuing claims of breach of the implied warranty of habitability against Ryan Jackson and seeking monetary and injunctive relief from the Condo Association.  All parties stipulated to voluntary dismissal without prejudice in November 2009.

On 14 July 2010, plaintiffs filed suit against Ryan Jackson and C&G.  They asserted negligence against C&G individually and derivatively on behalf of the Condo Association, a nonprofit corporation of which plaintiffs were members, and claimed that Ryan Jackson breached the implied warranty of habitability and violated N.C. Gen. Stat. § 75-1.1.  In support of the derivative action, plaintiffs alleged that the Condo Association "incurred prospective liability and compensatory damages for the costs of repairs to common areas caused by the negligence of [C&G]," based on C&G's "failure to provide proper and adequate waterproofing, dampproofing, and/or drainage for the exterior and common areas of the Real Property."  Ryan Jackson did not appear to defend against

plaintiffs' claims, thus causing default judgment to be entered against it in the amount of $38,658.04.

C&G did defend the suit and met with plaintiffs several times to discuss the flooding. Plaintiffs contended that the flooding could have come from three potential sources: (1) the exterior water handling system, (2) a dam effect created by the north retaining wall, or (3) a change in topography of the parking lot. Anthony Collins and James Galyon, Jr., C&G's vice president and owner, respectively, filed affidavits with the trial court wherein they averred that: (1) C&G did not agree to perform work on the exterior water handling system, and in fact did not perform any work on it, (2) the north retaining wall appeared in a survey of the property which predated any renovation, and C&G did not modify the wall in any way, and (3) the parking lot is owned by a third party and was never part of C&G's project. Collins and Galyon also averred that C&G did not have exclusive control over the construction project and except for limited circumstances such as windows, doors, and electrical boxes, only contracted to renovate the interior of the building.

C&G filed a motion for summary judgment on 29 April 2011, which was granted 11 July 2011. This Court affirmed the trial court's order dismissing C&G by unpublished opinion filed 3 July

2012. *See McMillan v. Ryan Jackson Properties, LLC*, No. COA11-1318, 2012 WL 2551261 (N.C. App. July 3, 2012) ("*McMillan I*"). C&G moved for an attorneys' fees award pursuant to N.C. Gen. Stat. § 55A-7-40(f) (2013) on 19 August 2011. This matter was heard on 4 September 2012, and the trial court granted C&G's motion for attorneys' fees by order entered 17 September 2012. Plaintiffs timely appealed from that order.

## Discussion

### 1. Standard of Review

Plaintiffs' first argument is that the panel should review the court's initial conclusion as to whether the case was brought without reasonable cause *de novo* and the ultimate awarding of fees for abuse of discretion. We agree.

"It is settled law in North Carolina that ordinarily attorneys fees are not recoverable either as an item of damages or of costs, absent express statutory authority for fixing and awarding them." *United Artists Records, Inc. v. Eastern Tape Corp.*, 18 N.C. App. 183, 187, 196 S.E.2d 598, 602 (1973). Here, the trial court awarded fees pursuant to N.C. Gen. Stat. § 55A-7-40, which governs derivative actions for nonprofit corporations. Under section 55A-7-40(f), the trial court must make a finding that an action was

brought "without reasonable cause" before awarding attorneys' fees.

C&G argues that the standard of review on appeal should be abuse of discretion, without reviewing the conclusion as to whether the suit was brought without reasonable cause *de novo*. It cites to a number of cases for the proposition that the general standard of review for an award of attorneys' fees is abuse of discretion. *See Furmick v. Miner*, 154 N.C. App. 460, 462, 573 S.E.2d 172, 174 (2002) ("The allowance of attorney fees is in the discretion of the presiding judge, and may be reversed only for abuse of discretion.") (quotation marks omitted).

However, section 55A-7-40(f) authorizes an award of attorneys' fees only upon a "finding" by the trial court that the derivative action was "brought without reasonable cause." Whether an action is brought without reasonable cause is a conclusion of law, as it involves the exercise of judgment and the application of legal principles. *See In re Helms*, 127 N.C. App. 505, 510, 491 S.E.2d 672, 675 (1997). Conclusions of law are reviewed *de novo*. *Carolina Power & Light Co. v. City of Asheville*, 358 N.C. 512, 517, 597 S.E.2d 717, 721 (2004). Therefore, we agree with plaintiffs, and will review the trial court's conclusion as to

reasonable cause *de novo* and its ultimate award of attorneys' fees for an abuse of discretion.

## II. Reasonable Cause

Plaintiffs next argue that the trial court erred by concluding that the action was brought without reasonable cause. Specifically, plaintiffs contend that the word "action" in section 55A-7-40(f) should be interpreted to include all claims in the lawsuit, and therefore, the action as a whole must have been brought with reasonable cause because plaintiffs were awarded default judgment against Ryan Jackson. In the alternative, plaintiffs argue that they had reasonable cause to bring the derivative suit on behalf of the Condo Association against C&G. We disagree with plaintiffs' interpretation of section 55A-7-40(f), and we affirm the trial court's conclusion that the derivative action was brought without reasonable cause.

As is discussed above, we review the trial court's conclusion as to whether the action was brought without reasonable cause *de novo*. Under *de novo* review, "the court considers the matter anew and freely substitutes its own judgment" for that of the trial court. *In re Greens of Pine Glen, Ltd. P'ship*, 356 N.C. 642, 647, 576 S.E.2d 316, 319 (2003).

Section 55A-7-40 governs derivative proceedings under the North Carolina Nonprofit Corporation Act; it controls the method by which the members of a nonprofit corporation may bring an action in the right of that corporation. Under subsection (a) of the statute,

> An action may be brought in a superior court of this State . . . in the right of any domestic or foreign corporation by any member or director, provided that, in the case of an action by a member, the plaintiff or plaintiffs shall allege, and it shall appear, that each plaintiff-member was a member at the time of the transaction of which he complains.

N.C. Gen. Stat. § 55A-7-40(a) (2013). The attorneys' fees provision at issue in this case is found in section 55A-7-40(f); it provides that:

> (f) *In any such action*, the court, upon final judgment and a finding that the action was brought without reasonable cause, may require the plaintiff or plaintiffs to pay to the defendant or defendants the reasonable expenses, including attorneys' fees, incurred by them in the defense of the action.

N.C. Gen. Stat. § 55A-7-40(f) (2013) (emphasis added).

Plaintiffs first argue that the word "action" in section 55A-7-40(f) should be interpreted to include all claims against all parties in a lawsuit, not just the derivative portion therein. Thus, because plaintiffs obtained judgment in their favor against Ryan Jackson on claims they pursued individually, they argue that

the action as a whole could not have been brought without reasonable cause, and attorneys' fees should not have been awarded pursuant to section 55A-7-40(f). In support of this argument, plaintiffs note that under the North Carolina Rules of Civil Procedure, an "action" is commenced by filing a complaint, which may have one or more "claims for relief," N.C. Gen. Stat. § 1A-1, Rules 3, 8 (2013), and that "more than one claim" may be presented in a single "action," N.C. Gen. Stat. § 1A-1, Rule 54 (2013).

We disagree with this interpretation. Plaintiffs seek to attach meaning to the word "action" in section 55A-7-40(f) based on the word's usage in general provisions of the North Carolina Rules of Civil Procedure. However, "where two statutory provisions conflict, one of which is specific or 'particular' and the other 'general,' the more specific statute controls in resolving any apparent conflict." *Furr v. Noland*, 103 N.C. App. 279, 281, 404 S.E.2d 885, 886 (1991). Here, the word "action" in section 55A-7-40(f) is part of the phrase "[i]n any *such* action," with the word "such" referring to the "action[s]" described by subsection (a) of the statute – those which are brought "in the right of any domestic or foreign corporation by any member or director." *See* N.C. Gen. Stat. § 55A-7-40(a), (f). In other words, it is clear that the phrase "[i]n any such action" in section 55A-7-40(f)

refers specifically to derivative actions set out by section 55A-7-40, not generic "actions" as the word is used in general portions of the North Carolina Rules of Civil Procedure. C&G could have attempted to recover attorneys' fees on the general "action" as a whole, but would have had to rely on a different statute to do so. *See United Artists Records, Inc.*, 18 N.C. App. at 187, 196 S.E.2d at 602 (noting that attorneys' fees may not be awarded absent specific statutory authority); *see also* N.C. Gen. Stat. § 6-21.5 (2013) (authorizing an attorneys' fee award "[i]n any civil action . . . if the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party in any pleading").

Therefore, in determining whether attorneys' fees were properly awarded under section 55A-7-40(f) here, it is irrelevant that plaintiffs obtained default judgment against Ryan Jackson on their individual claims. Ryan Jackson was not party to the derivative action. The only aspect of the lawsuit that triggered section 55A-7-40(f) was the derivative action brought by plaintiffs on behalf of the Condo Association against C&G for negligence. Thus, we must determine whether this derivative action, not the unrelated individual claims joined in the same lawsuit, was brought without reasonable cause in assessing whether

attorneys' fees awarded under section 55A-7-40(f) were appropriate.

At the hearing on attorneys' fees, plaintiffs urged the trial court to apply an interpretation of the phrase "brought without reasonable cause" in section 55A-7-40(f) used in an analogous context by this Court in *Lowder on Behalf of Doby v. Doby*, 79 N.C. App. 501, 511, 340 S.E.2d 487, 493 (1986). In *Lowder*, the Court construed N.C. Gen. Stat. § 55-55(e), the attorneys' fees provision for derivative suits on behalf of business corporations, which contained identical language to that found in section 55A-7-40(f).[1] *See id.* at 507, 511, 340 S.E.2d at 491, 493. Because no cases defined or explained the "brought without reasonable cause" provision in section 55-55(e), the Court drew analogy to the "lack of probable cause" standard in malicious prosecution cases, where plaintiffs "need only have a 'reasonable belief' that there [was] a 'sound chance' that their claims may be sustained," not "absolute certainty of the legal validity of their claims." *Id.* at 511, 340

---

[1] Section 55-55(e) provided that "In any such action the court, upon final judgment and a finding that the action was brought without reasonable cause, may require the plaintiff or plaintiffs to pay to the defendant or defendants the reasonable expenses, including attorneys' fees, incurred by them in the defense of the action." *Lowder*, 79 N.C. App. at 507, 340 S.E.2d at 491. The statute has since been replaced by N.C. Gen. Stat. § 55-7-46 (2013) and is substantially rewritten.

S.E.2d at 493. On appeal, both plaintiffs and C&G argue that this standard should be used to interpret the phrase "brought without reasonable cause" under section 55A-7-40(f). We agree. Because the *Lowder* Court construed an identical attorneys' fees provision in the analogous context of business corporation derivative actions, we find its reasoning persuasive. Thus, an action is brought "without reasonable cause" under section 55A-7-40(f) if there is no "reasonable belief" in a "sound chance" that the claim could be sustained.

The trial court here "independently reviewed the proceedings in order to determine whether there was evidence put forward to support plaintiffs' claims" and correctly declined to consider this Court's opinion in *McMillan I* affirming the entry of summary judgment in C&G's favor as dispositive on the issue of whether the derivative action was brought without reasonable cause. However, the trial court and the *McMillan I* Court both reached the same conclusion — that "[p]laintiffs did not have evidence to support the allegations made in the [c]omplaint." Thus, pursuant to *Lowder*, the trial court concluded that the action was brought without reasonable cause because "the record is devoid of evidence that supports any reasonable belief that there was a sound chance that the plaintiffs' claims in this litigation might be sustained."

After our own independent inquiry, we affirm the trial court's conclusion that plaintiffs did not have a "reasonable belief" that there was a "sound chance" that the derivative action alleging negligence could be sustained.[2]  "The elements of negligence are duty owed by defendants to plaintiffs and nonperformance of that duty proximately causing plaintiffs' injury."  *Royal v. Armstrong*, 136 N.C. App. 465, 469, 524 S.E.2d 600, 602 (2000).  Plaintiffs alleged in their complaint that the Condo Association incurred prospective liability and compensatory damages for the costs of repairs to the common areas as a result of C&G's negligent failure to provide proper and adequate waterproofing, dampproofing, and/or drainage for the exterior and common areas of the property.  Plaintiffs argue that they had reasonable cause to bring the derivative action because: (1) the permits issued by the city listed C&G as the contractor on the renovations that it undertook and no other contractors were listed; (2) C&G was a general contractor under N.C. Gen. Stat. § 87-1 (2013) because the amount

---

[2] The trial court seemed to inquire in part as to plaintiffs' individual claim of negligence against C&G in addition to the derivative action.  Specifically, it mentioned the lack of evidence related to the causation of leaks into plaintiffs' condominiums, which would be irrelevant to the derivative action premised on damage to exterior "common areas."  As is discussed above, the applicable attorneys' fees statute utilized here, section 55A-7-40(f), applies only to derivative actions.

of work it undertook totaled more than $30,000.00; (3) general contractors owe a duty of reasonable care to anyone who may foreseeably be endangered by their negligence, *Lord v. Customized Consulting Specialty, Inc.*, 182 N.C. App. 635, 643, 643 S.E.2d 28, 32-33 (2007); and (4) prior to the filing of the complaint, a consultant proposed a plan to fix the water leakage, thus indicating the areas that plaintiffs claim to have been the source of the water damage.[3]

Even assuming that this information supports an allegation that C&G was a general contractor which owed a duty to those who could foreseeably be injured by the work it undertook, plaintiffs had no evidence at any point prior to or during the litigation tending to show that work performed by C&G or its agents was the proximate cause of the water damage. The contract between C&G and Ryan Jackson does not indicate that C&G performed any work on the areas of the property which plaintiffs theorized to be the source of the leakage. On the contrary, both Collins and Galyon averred that C&G performed no work on the retaining wall or the parking lot during the renovation, and that aside from the windows, doors, and electrical boxes, neither C&G nor its subcontractors

---

[3] The plan consisted of sealing the water penetration areas, applying a waterproofing membrane, and connecting downspouts to the foundation drain system and the back corner of the lot.

penetrated the exterior of the building at all. Collins specifically averred that Ryan Jackson only wished to contract "some of the work" to C&G, and that C&G "did not have exclusive control over construction of the improvements." Faced with these affidavits at the summary judgment phase of the litigation, plaintiffs still could not produce any evidence tending to show the existence of a genuine issue of material fact concerning their claims. The *McMillan I* Court held that "[u]ltimately, plaintiffs fail[ed] to cite any evidence which indicated that [C&G] performed any work on either the retaining wall or the parking lot during the course of the renovations," and "[p]laintiffs failed to present any evidence that the windows, doors and electrical boxes mentioned in Collins's affidavit as the only exterior work performed by [C&G] were the cause of the leaks into plaintiffs' condominiums." *McMillan I* at *4-*5. Given that plaintiffs could not produce any evidence to support their allegation that C&G proximately caused the water damage at summary judgment, it follows that they also had no such evidence when they filed the derivative action almost a year earlier. Without any evidence of causation, a necessary element of the derivative action for negligence, plaintiffs could not have had a "reasonable belief" that there was a "sound chance" that the derivative action could be sustained.

Accordingly, we affirm the trial court's conclusion that the derivative action was brought without reasonable cause under section 55A-7-40(f).

### III. Abuse of discretion

Having determined that the trial court did not err in concluding that the derivative action was brought without reasonable cause, we must now review the attorneys' fees awarded by the trial court under section 55A-7-40(f) for abuse of discretion. "An abuse of discretion will be found only when the trial court's decision . . . could not have been the result of a reasoned decision." *Manning v. Anagnost*, __ N.C. App. __, __, 739 S.E.2d 859, 861 (2013) (citation and quotation marks omitted). Here, the trial court awarded the entirety of the attorneys' fees incurred by C&G in defense of the lawsuit as a whole, $36,325.00, which could have included costs incurred in defense of both the derivative action and plaintiffs McMillan's and Hendrix's individual claim of negligence. However, section 55A-7-40(f) only authorizes an award "in the defense of the [derivative] action," not in the defense of an individual negligence claim. Therefore, the trial court abused its discretion by failing to distinguish between costs incurred by C&G in defense of plaintiffs' individual negligence claim and the costs incurred in defense of the

derivative action. Accordingly, we remand for entry of factual findings as to what portion of the attorneys' fees are attributable to defense against the derivative action and adjustment of the fee award that is reflective of those findings.

## Conclusion

After careful review, we affirm the trial court's conclusion that the derivative action was brought without reasonable cause, and we remand for entry of attorneys' fees based on the costs incurred in defense of the derivative action.


AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Judges BRYANT and STEELMAN concur.